[Doc. No. 47]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALANDA FORREST,<br><br>    Plaintiff,<br><br>    v.<br><br>JON S. CORZINE, et al.,<br><br>    Defendant. | Civil No. 09-1555 (JBS/JS) |

**OPINION AND ORDER**[1]

The issue before the Court is whether to grant the City of Camden's ("Camden") motion to stay all or a portion of the case pending the completion of an ongoing criminal investigation and prosecution of five (5) Camden police officers. For the reasons to be discussed Camden's motion is DENIED.[2]

---

[1] The present Motion to Stay was filed on behalf of the City of Camden and the City of Camden Department of Public Safety. For ease of reference the Camden entities will be collectively referred to as "Camden."

[2] The Court recently consolidated for discovery and case management purposes twelve (12) lawsuits, including this one, naming all or some of the five implicated Camden police officers and containing allegations similar to those made herein. See November 1, 2010 Consolidation Order, Doc. No. 56. This is the first filed case. The only other case in which Camden filed a Motion to Stay is Tinley v. City of Camden, et al., No. 10-2576 (RBK/JS). The motion in that case will be denied for the same reasons discussed herein.

Background

This action stems from alleged police misconduct involving two (2) Camden police officers.[3] Plaintiff Alanda Forrest ("Forrest") filed his pro se complaint on April 2, 2009. Forrest subsequently retained an attorney who filed a third amended complaint ("complaint") on April 9, 2010. Forrest alleges that on July 1, 2008 Camden Police Officers Kevin Parry ("Parry") and Jason Stetser ("Stetser") planted drugs and beat him up. He contends that Parry and Stetser then "falsely made a statement that [plaintiff]. . . resisted arrest by going into a fighting position and that he had drugs in his possession." Complaint ¶11. Forrest alleges that Parry, Stetser and John Does conspired between May 2007 and October 28, 2009 to violate the constitutional rights of New Jersey citizens by planting evidence, intentionally using unreasonable force, falsifying police reports and testifying falsely under oath. Id. ¶¶42-43. Forrest also contends that Parry lied under oath to a Camden County Grand Jury to conceal his actions. Id. ¶44. Forrest contends that as a result of the false charges he was "convicted and sentenced to jail for three years and served time in

---

[3]The two defendants in the case, Kevin Parry ("Parry") and Jason Stetser ("Stetser"), and another police officer, Dan Morris, already pleaded guilty to criminal charges involving the violation of citizens' civil rights and are awaiting sentencing. Two other officers, Antonio Figueroa and Robert Bayard, were recently indicted on similar charges. Their trial has not yet been scheduled. Camden is not defending Parry and Stetser in this action and is unlikely to defend any of the implicated police officers. Parry and Stetser have not entered an appearance in the case.

jail from July 1, 2008 to January 6, 2010 when [he] was released and the conviction vacated." Id. ¶46.

As to Camden, Forrest alleges it "failed to properly train and/or supervise the police officer defendants in the justification for and use of force." Id. ¶31. He also alleges that Camden was aware of the unjustified violent and/or aggressive actions of Parry and Stetser and encouraged, tolerated, and/or acquiesced to their unlawful/unconstitutional actions. Id. ¶¶31, 32. In addition, Forrest alleges that Camden was willfully indifferent to its police officers' illegal actions. He contends that Camden should have been aware of Parry and Stetser's illegal conspiracy and stopped it before January 6, 2010. Id. ¶47.

When Camden filed its motion it asked to stay the entire case. In its Reply Brief ("RB") Camden limited its request to an "an order [to] be entered staying discovery in this matter with the limited exception of the Defendants' production of documents relative to (1) Monell issues; and (2) Supercession issues." RB at 3.[4]

---

[4] The Monell issue refers to Monell v. Department of Services of the City of New York, 436 U.S. 658 (1978). Under Monell, "a local government may not be sued under §1983 for an injury inflicted solely by its employees or agents." Id. at 694. "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under §1983." Id. Although not discussed in its Brief, the Court assumes the "supercession issue" refers to whether the State of New Jersey is responsible for Camden's actions because of its "takeover" of the City. See Municipal Rehabilitation and Economic Recovery Act, N.J.S. §52:27BBB-1 to 65. Forrest alleges

3

Camden argues a stay is appropriate because it "is unable to communicate with the Police Department and Chief of Police regarding the core subject of this litigation." Brief at 5. According to Camden's attorney, "It is [his] understanding that [Police] Chief Thompson has been advised by the United States Attorney's Office that he is not permitted to speak to anyone about any of the matters that are subject of the ongoing criminal investigation — including the actions of the alleged officers involved, the criminal investigation itself, and the civil investigation that has resulted therefrom including, but not limited to, the instant matter." See Certification of Marc Riondino, Esq. ¶3 ("Riondino Cert."). Camden argues that due to this alleged instruction unless a stay is entered it "would be unable to construct a defense, gather appropriate evidence, and effectively communicate with [its] client and officers of the Police Department in order to effectively defend this litigation during the course of the criminal investigation." Brief at 5.[5] In response, plaintiff argues Camden does not have a right to block discovery and he will be prejudiced by a stay. Plaintiff further argues there is no due process right to stay a civil case when a

---

the State of New Jersey "controls, manages and/or is responsible for the actions" of Camden. See Complaint ¶2.

[5] See also RB at 2 ("[T]he main issue for the Defendants is the inability to communicate effectively with the appropriate persons of the police department given the directions from the U.S. Attorney . . .. Essentially, that directive impedes the Defendants from building any type of defense").

related criminal case is pending.

Discussion

The stay of a civil proceeding is an extraordinary remedy and is not favored. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); Walsh Sec., Inc. v. Cristo Prop. Mgmgt., Ltd., 7 F. Supp. 2d 523, 526 (D.N.J. 1998). However, a court has the discretion to stay a case if the interests of justice so require. U.S. v. Kordel, 397 U.S. 1, 12 n. 27 (1970). A stay of a civil case where there are pending criminal proceedings is not constitutionally required but may be warranted in certain circumstances. Id.; DeVita v. Sills, 422 F.2d 1173, 1181 (3d Cir. 1970); see also Warner v. Kozub, No. 05-2871 (JBS), 2007 WL 162766, at *3 (D.N.J. January 18, 2007) (staying case pending the outcome of the *pro se* plaintiff's criminal prosecution following plaintiff's invocation of his Fifth Amendment rights throughout discovery). Whether to stay a case "calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254-55.

Since Camden is asking the Court to order all but two discrete areas of discovery "off limits," the Court deems Camden's motion to ask for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c). Pursuant to this Rule, the Court may limit, bar or stay discovery if the moving party establishes "good cause." Specifically, in accordance with Rule 26(c)(1)(B) the court may specify terms, including time and place, for discovery, and

pursuant to Rule 26(c)(1)(D) the court may forbid inquiry into certain matters or limit the scope of discovery to certain matters. The Court finds that Camden has not demonstrated good cause to grant a complete or partial stay of discovery. In addition, the Court finds that Camden will not be materially prejudiced in the absence of a stay, but on the other hand, plaintiff will be prejudiced if Camden's motion is granted. Accordingly, Camden's motion will be denied.

The crux of Camden's argument is that its defense is prejudiced while the Camden police investigation and prosecution is ongoing. Camden's argument is rejected. Camden relies upon its in-house attorney's Certification that avers, "it is [his] understanding" that the United States Attorney's Office told its Chief of Police that "he is not permitted to speak to anyone about any of the matters that are subject of the ongoing criminal investigation." See Riondino Cert., supra, ¶3.[6] However, even assuming the instruction was given, Camden did not cite any authority to the effect that it is bound by the U.S. Attorney's request or instruction. Nor has the City cited any authority barring the Court from compelling relevant discovery despite a contrary direction from the U.S. Attorney.

In addition, the Court notes that Camden is not the subject of a criminal investigation or prosecution. Thus, unlike the cases

---

[6]The Certification provides no details about who gave the instruction, when it was given, or how long it will last. Nor does Riondino identify the basis of his "understanding."

6

Camden relies upon to support its motion, Camden does not run the risk that it may waive its Fifth Amendment rights or expose itself to criminal liability because of its civil testimony.  Further, Camden does not face a risk that its criminal defense strategy will be revealed in this civil case.  The Court, therefore, does not find that Camden will be prejudiced if discovery takes its usual course.

To be sure, the Court is not unmindful of the interplay between the related civil and criminal proceedings.  The problem with Camden's motion, however, is that it seeks to bar broad areas of relevant discovery when only a limited adjustment may be necessary.  By way of example, if Camden's motion is granted plaintiff might be barred from obtaining copies of the official police reports regarding his arrest since Camden might argue the reports are not directly related to the Monell and supercession issues in the case.  This result is plainly inappropriate.

Magistrate Judges are given wide discretion to manage cases and to limit discovery in appropriate circumstances. See V. Mane Fils S.A. v. Int'l Flavors & Fragances Inc., No. 06-2304 (FLW), 2008 WL 4606313 (D.N.J. Oct. 16, 2008); Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998); Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996). See also Fed. R. Civ. P. 26(b)(2)(C) and 26(c).  Thus, the Court may limit, delay or bar discovery directed to Camden if the discovery legitimately interferes with an ongoing criminal

investigation and/or materially prejudices a party's interests. The Court can also stage discovery so that particularly sensitive issues are not immediately addressed. Whether and how to use the management tools available to the court requires a fact intensive analysis of numerous factors including, but not limited to, (1) the importance of the requested discovery to plaintiff and the ongoing criminal investigation, (2) whether the requested discovery is available from sources other than Camden, (3) whether the information will be available in the future or if there is a risk of loss or destruction of relevant evidence, and (4) the prejudice to the parties from limiting, delaying or barring discovery. The Court finds that if the parties dispute the appropriateness of a particular discovery request it is best to decide on an issue by issue or case by case basis whether the discovery should take place and when, and not simply to issue an Order barring all but two discrete subjects of discovery. A discovery stay should be no broader than necessary to protect Camden's interests. While a stay might be expedient, it is not the most fair and equitable manner of deciding whether discovery directed to Camden should be immediately answered. See Shim v. Kikkoman Int'l Corp., 509 F. Supp. 736, 740 (D.N.J. 1981), aff'd, 673 F.2d 1304 (3d Cir. 1981)("the decision [to stay] is reached on a case-by-case basis, taking into account and weighing the totality of the circumstances of the particular case"); Gerald Chamales Corp. v. Oki Data Americas, Inc., 247 F.R.D. 453, 456 (D.N.J. 2007)(citations omitted)("The power to stay

a case calls for the exercise of judgment and the weighing of competing interests...").

Camden is not prejudiced by the Court's ruling since in appropriate circumstances plaintiff's discovery may be limited, delayed or barred. If Camden is legitimately barred from conducting its defense, or is materially prejudiced if it is required to participate in a particular aspect of discovery, the Court has the tools available to it to protect Camden's interests. On the other hand, if the Court grants Camden's request for a blanket stay of discovery directed to relevant subject areas, plaintiff will be prejudiced. Camden's requested stay will last indefinitely since no one can accurately predict when the ongoing police investigation and prosecution will end. The stay will undoubtedly serve to delay the ultimate resolution of what is expected to be a complex case. After plaintiff filed his lawsuit he had a right to expect an expeditious resolution. A stay of all or a portion of the case based merely on Camden's prediction that it may be prejudiced in its defense will impede this goal. See Worldcom Techs., Inc. v. Intelnet Int'l, Inc., No. 002284 (JTG), 2002 WL 1971256, at *6 (E.D. Pa. Aug. 22, 2002)(citation omitted)("motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems"). See also Golden Quality Ice Cream Co., Inc. v. Deerfield Speciality

Papers, Inc., et al., 87 F.R.D. 53, 56 (E.D. Pa. 1980)("Any plaintiff in the Federal Courts enjoys the right to pursue his case and to vindicate his claim expeditiously"); In re Health Mgmt., Inc., No. 96-0889 (ADS), 1999 WL 33594132, at *5 (E.D.N.Y. Sept. 15, 1999)(citation omitted)("The ability of courts to avoid undue delay is essential to assur[e] that justice for all litigants be neither delayed nor impaired").

    The interests of justice demand that the case be managed to protect all parties' rights and to assure a reasonably prompt resolution.  Plaintiff argues that his civil rights were violated by rogue former Camden police officers.  The two officers named in this lawsuit have already pleaded guilty to the criminal violation of citizens' civil rights.  Plaintiff is entitled to find out what happened to him and why.[7]  In the absence of good cause or material prejudice to a party, plaintiff is entitled to his discovery sooner rather than later.  Relevant discovery should not be barred based on the minimal record Camden has thus far produced that it may be prejudiced.  The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else."  Landis, 299 U.S. at 254.  Camden has not satisfied this burden.

---

[7]The Court expresses no opinion and does not address the merits of plaintiff's claims.  That issue is not before the Court.  What is before the Court is whether plaintiff's discovery directed to finding out if his civil rights were violated should be indefinitely delayed.

10

In support of its motion Camden relies upon <u>Walsh Securities, Inc. v. Cristo Property Management, Ltd.</u>, 7 F. Supp. 2d 523 (D.N.J. 1998). That case identified several factors to examine to decide whether to grant a stay of a civil case pending the outcome of criminal proceedings: (1) the extent to which the issues in the criminal and civil case overlap; (2) the status of the case including whether the defendant has been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; (4) the private interests of and burden on defendants; (5) the interests of the court; and (6) the public interest. <u>Id</u>. at 527-29. Although <u>Walsh</u> is not directly applicable to this case because the moving party, Camden, is not a party to a related criminal prosecution, an analysis of the <u>Walsh</u> factors still weighs in favor of denying Camden's motion.[8]

As to the first <u>Walsh</u> factor, although there is some overlap between this civil action and the ongoing criminal case, the overlap is not overwhelming. There are several significant issues to address in the case apart from the specific circumstances of plaintiff's arrest and prosecution. These include, but are not limited to, the <u>Monell</u> and supercession issues discussed herein. In addition, this case only involves one arrest while the criminal

---

[8]Indeed, Camden has not cited a case where a party not subject to a criminal prosecution successfully moved to stay a case because of a criminal complaint or indictment naming a co-defendant.

11

investigation presumably involves multiple incidents. The first Walsh factor weighs slightly in plaintiff's favor. As to the second Walsh factor, normally the fact that indictments have been issued favors a stay. Id. at 527. However, since the named police officers in the case have already pled guilty, the specter of their impending criminal trial is not material. The second Walsh factor is neutral. As to the third and fourth Walsh factors, the Court has already discussed plaintiff's interest in proceeding expeditiously and the fact that any legitimate prejudice to Camden can be addressed. These factors favor plaintiff. As to the fifth and sixth Walsh factors, these also favor plaintiff. The Court has an interest in proceeding with the case expeditiously and the public has a vital interest in promptly getting to the bottom of what happened in Camden and why.

An informative case from outside this District is Hicks v. City of New York, 268 F Supp. 2d 238 (E.D.N.Y. 2003). In Hicks, the City's police officer was indicted for a killing and the City was thereafter sued. The court denied the City's request for a stay and ruled that "unless the City can show that it will suffer undue prejudice or its constitutional rights will be violated without a stay, the plaintiffs should not be delayed in their efforts to diligently proceed to sustain its claim." Id. at 242-43 (citations omitted). The court found that the City did not satisfy its burden because it was not the target of the related criminal investigation and it did not demonstrate that discovery would interfere with the

12

criminal case. This same situation exists here. In <u>Birge ex rel. Mickens v. Dollar General Corp.</u>, No. 04-2531 BP, 2005 WL 3448044 (W.D. Tenn. Dec. 14, 2005), <u>aff'd</u>, 2006 WL 3858042 (W.D. Tenn. Dec. 28, 2006), the plaintiff's decedent was killed in defendant's parking lot and the assailants were indicted and awaiting trial. Even though the defendant, Dollar Store, was not subject of a criminal investigation or prosecution, it moved for a stay. The court denied the request finding that there was only some overlap between the civil and criminal cases, defendant's Fifth Amendment rights were not implicated, a stay would be indefinite, and the plaintiff may be prejudiced by a stay. This same situation exists here. The court in <u>Birge</u>, as is this Court, was particularly sensitive to the fact that a stay would be indefinite. <u>Id</u>. at *3 ("The delay occasioned by a stay is indefinite and could very well extend beyond the one year stay period projected by [defendant]. Such an indefinite stay is disfavored").

<u>Conclusion</u>

In sum, Camden's application for a stay is DENIED. An analysis of all relevant factors leads the Court to conclude that it is inappropriate and inequitable to grant a blanket stay of all or a discrete portion of the case. Nevertheless, in an appropriate instance the Court may limit, bar or delay discovery directed to Camden if warranted under a set of specific facts presented to the Court. That determination will be made on a case by case basis after a detailed analysis of the relevant facts. The Court will

13

not decide the issue in a vacuum.

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 9th day of November, 2010, that Camden's Motion for a Stay of Discovery is DENIED.

                                            s/Joel Schneider
                                            JOEL SCHNEIDER
                                            United States Magistrate Judge