IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ALANDA FORREST,<br><br>    vs.<br><br>CITY OF CAMDEN,<br>        Defendant. | CASE NUMBER: 1:09-cv-01555-RBK-AMD<br><br>CIVIL ACTION<br><br>**JURY DEMAND** |

## JOINT FINAL PRETRIAL ORDER

The following shall constitute the Final Pretrial Order pursuant to Rule 16, Federal Rules of Civil Procedure. This Final Pretrial Order shall govern the conduct of the trial of this case. Amendments to this Order will be allowed only in exceptional circumstances to prevent manifest injustice. See Fed. R. Civ. P. 16(e). Counsel are urged to move to amend in a timely fashion any portion of the Order that must be changed or modified between the filing of the Order and the trial date.

**APPEARANCES:**

*Attorneys for Plaintiff:*
    Oliver T. Barry, Esquire
    Barry, Corrado & Grassi, PC
    2700 Pacific Avenue
    Wildwood, NJ 08260
    Phone: (609) 729-1333
    Fax: (609) 522-4927
    Email: obarry@capelegal.com

*Attorneys for Defendant:*
    Edward F. Kuhn, III Esquire
    Capehart & Scatchard
    8000 Midlantic Drive - C.S. 5016, Suite 300S
    Mount Laurel, NJ 08054
    Phone: (856) 234-6800
    Fax: (856) 235-2786
    Email: ekuhn@capehart.com

**PART I. JURISDICTION and BRIEF SUMMARY OF THE CASE:**

A. <u>JURISDICTION</u>

The Court has matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1343(a) because it poses a question of federal law based on violation of the United States Constitution pursuant to 42 U.S.C. § 1983 and 1988.

B. <u>BRIEF SUMMARY OF THE CASE</u>

This matter is a civil lawsuit on behalf of Plaintiff, Alanda Forrest, against the City of Camden for a policy or custom of unlawful arrests and a failure to train, supervise, and/or investigate police officers amounting to deliberate indifferent to Plaintiff's civil rights against the City of Camden Police Department ("CPD").

On the evening of July 1, 2008, Plaintiff was arrested by former CPD officers Jason Stetser and Kevin Parry while at 1270 Morton Street in Camden.  The officers stated they observed Plaintiff engage in a hand-to-hand transaction and later charged him with possession of drugs, possession of drugs with intent to distribute, and resisting arrest.  As a result, Plaintiff spent a year and a half in prison.

Subsequently, a criminal investigation of Parry, Stetser, Sgt. Morris and another officer (Antonio Figueroa) was commenced by the Camden County Prosecutor's Office ("CCPO") after it

2

received notification from the CPD Internal Affairs Division ("IAD") of citizen complaints alleging criminal acts by Stetser and Parry. The criminal investigation resulted in guilty pleas by Parry, Stetser and Morris for their respective surreptitious illegal actions involving planting drugs, falsifying police reports, and giving false testimony to the grand jury.

Parry and Stetser were dismissed prior to the initial trial of this matter, leaving the City as the lone remaining defendant. The case was tried to conclusion on April 15, 2016, with the jury unanimously finding (1) neither Stetser nor Parry committed excessive force upon Plaintiff, (2) Stetser and Parry unlawfully arrested Plaintiff, and (3) that Plaintiff had not proven his direct entity claim against the City of Camden pursuant to Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

The Third Circuit Opinion and Order vacated the verdict with respect to the Monell claim. Specifically, the Court held (1) Plaintiff's failure to supervise claim is not limited to IAD, but is a general failure to supervise officers claim; (2) various evidence relating to the failure to supervise is relevant, (3) Plaintiff may proceed on a failure to train supervisors on confronting officer misconduct in general, with evidence relating to this issue being relevant, and (4) Plaintiff's negligent supervision state law claim should go to

the jury unless this Court seeks to grant summary judgment, with Plaintiff having adequate notice and an opportunity to oppose.

Accordingly, the remaining issue for trial is Plaintiff's direct entity claim against the City of Camden pursuant to <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658(1978).

**PART II. STIPULATED FACTS:**

1.  Jason Stetser and Kevin Parry are former officers with the City of Camden Police Department;

2.  On October 10, 2012, Kevin Parry pled guilty and was convicted of Conspiring to Deprive Others of Civil Rights in violation of 18 U.S.C. § 241;

3.  On January 31, 2013, Jason Stetser pled guilty and was convicted of Conspiring to Deprive Others of Civil Rights in violation of 18 U.S.C. § 241;

4.  On July 1, 2008, Kevin Parry and Jason Stetser unlawfully arrested Plaintiff without probable cause in violation of his constitutional rights.

**PART III. EACH PLAINTIFF'S CONTESTED FACTS:**

Plaintiff intends to prove the following contested facts:

1.  In the years leading up to and subsequent to the subject incident of July 1, 2008, there were serious deficiencies in how CPD investigated internal affairs complaints.

2.  In the years leading up to and subsequent to the subject incident of July 1, 2008, there existed a substantial backlog of internal affairs complaints that had yet to be investigated.

3. In the years leading up to and subsequent to the subject incident of July 1, 2008, there were serious deficiencies in the training of supervisory police personnel with the Camden City Police Department.

4. In the years leading up to and subsequent to the subject incident of July 1, 2008, there were serious deficiencies with respect to how supervisory personnel oversaw and monitored the whereabouts and actions of subordinate officers.

5. In the years leading up to and subsequent to the subject incident of July 1, 2008, the Camden City Police Department had a culture of indifference to misconduct by officers.

6. The Police Department in 2008 was not accredited. The use of force reports were not put in personnel filed. They were kept in the Internal Affairs office. The training on use of force was 45 minutes to an hour Power Point presentation and test. The results were put in personnel files. No one was to fail the test. There was no grading system. The number you got correct was put on top of the test. The person next to you graded the test.

7. In 2005, there were 96 new excessive force cases plus 167 carry over cases for a total of 263 cases. None were sustained, 28 exonerated, 42 not sustained, and 6 unfounded. Total IA cases were 861. In 2006, there were 78 more excessive force cases and total new cases of 350.

8. There were IA files that were not complete. IA telephones were not taped and officers would be interviewed at the conclusion of the case. IA received a number of complaints about Jason Stetser. In the Spring and Summer of 2008, IA started to get a better vision of what was suspected. Complaints were coming in on Figueroa, Stetser, and Parry and were forwarded to Camden County Prosecutor's Office. A sting operation was planned in September or October of 2008.

9. From 2004 through 2008 there were no risk management system in place. There were index cards for officers in the IA Unit. Between 2004-2007 Jason Stetser's index card had 5

allegations. It was average and would not have registered in any early warning system. Three complaints in a 12-month period put you in the early warning system. Antonio Figueroa's index card had 3 allegations of theft of money between 2004-2008. Those allegations were administratively closed, unfounded, and not sustained.

10. In 2004 and 2005, no complaints in IA were sustained of serious charges. In 2006, one was sustained. In 2007, five were sustained and in 2008 one was sustained. In those five years, out of the 622 serious complaints, seven were sustained. That is approximately 1%.

11. In the years leading up to the subject incident of July 1, 2008, multiple reports had been issued regarding deficiencies and issues requiring correction at the Camden City Police Department.

12. Prior to July 1, 2008, the City of Camden, through its employees, was aware of unlawful actions involving dishonesty, theft, and/or aggressive actions of former Officers Jason Stetser and Kevin Parry.

13. The Supervisory personnel of the City of Camden were willfully and/or deliberately indifferent to the prior incidents of unjustified violence and/or aggressive behavior of former Officers Stetser and Parry and the allegations of planting false evidence upon innocent victims.

14. Indifference became the policy of the City of Camden as of July 1, 2008 and the policy of indifference caused a violation of Plaintiff's civil rights as drugs were planted on him by Stetser and Parry.

15. Former Sgt. Dan Morris has a past record of excessive force complaints. He was the Supervisor of Parry and Stetser on July 1, 2008.

16. Arturo Venegas, Jr. was the Suppression Executive as to the Camden Police Department for 1 ½ years. He provided consulting services for the County and its oversight of the Camden Police Department. He reported to the Camden County Prosecutor. He arrived in August 2006 and there was a huge

backlog of cases in Internal Affairs. He found antiquated policies and procedures. He suggested restructuring of the Police Department making it more proactive. He resigned in February of 2008. He recommended periodic performance evaluations but there still was none when he left.

17. John Scott Thomson became Chief of Police on August 1, 2008. He identified the greatest weakness of the Camden Police Department when he became Chief, to be the culture of apathy and lethargy. There was no mechanism of accountability in place. There was no baseline standard.

18. Chief Thomson initiated Automatic Vehicle Location (AVL) in all police vehicles. It is a GPS device in all the cars. He created RT-TOIC which is Real Time Tactical Operational Informational Center. It is a fusion center of the Department Operations. Video camera in the sky, shot spotter, tiny microphones located throughout the city that instantaneously let the police know when a shot occurs and triangulates its location.

19. Chief Thomson further instituted a directed patrol policy. This is a patrol that an officer does when he or she is not on a service call. Before, once an officer completed a service call, the officer was off the radar until the next service call. Previously, what was written in the officer's log was relied upon to determine that officer's location. On a directed patrol, an officer had to get on the radio and state where he or she was going and what he or she was doing. Before, the logs were not verified. An officer could literally write anything down. There were no checks and balances.

20. After he became Chief, Thomson put in the Guardian System, which is an early warning system. Every time there is a use of force, it is entered into the System.

21. The Chief first learned about the conduct of Parry and Stetser in late August 2008, early September 2008. He had been the supervisor of Sgt. Dan Morris in HIDTA. At that time, he had to address with Sgt. Morris that he was rubber stamping reports of his squad. The culture at the

organization was not one of close supervision. Chief Thomson made it more difficult to get away with.

22. Sgt. Morris took Plaintiff to a parking lot on Ferry Street at an art school parking lot. Plaintiff was bleeding and asked to be transported to the hospital. Parry and Stetser then arrived. Parry told Plaintiff if he says anything to the hospital staff, he will charge Plaintiff with 5 aggravated assault charges. Plaintiff was taken to Virtua Hospital on Mt. Ephraim Avenue. Mr. Forrest estimates he was in the parking lot for approximately 35-40 minutes.

23. In July of 2008, Dan Morris was the supervisor of Parry and Stetser. Internal Affairs never spoke to him about Parry or Stetser. Dan Morris took money with both Parry and Stetser in a few incidents.

24. Mr. Forrest complained to the Internal Affairs Unit concerning his arrest. He also sent a letter dated September 25, 2008 complaining that he was arrested for a fabricated crime. He wrote another letter on October 21, 2008 to then Governor Corzine complaining about the fabricated charges. He wrote another letter on February 6, 2009 to his public defender complaining that the drugs were not his and he wanted a suppression hearing.

25. The Internal Affairs file of the July 1, 2008 incident complaint filed by Mr. Forrest shows no statements by witnesses or any investigation. It does not even have Mr. Forrest's sex correct, calling him a "her" and "Ms. Forrest" and "she" reports.

26. The index card for Jason Stetser showed complaints dated November 14, 2006, December 11, 2006, and October 8, 2007. There was no way to tell for sure whether he had three complaints within a calendar year because the only actual dates on the card are the closing dates, not the opening dates.

27. Jason Stetser and Kevin Parry planted drugs on Mr. Forrest and beat him. They then filed a false police report and pressed criminal charges against Mr. Forrest causing him to

serve time in jail from July 1, 2008 through January 6, 2010 when Plaintiff was released and the conviction was vacated.

28. On December 18, 2009 an Order was entered vacating the Plaintiff's conviction and dismissing the indictment.

29. Kevin Parry admitted at the criminal trial of Figueroa that in addition to stealing money he and Stetser planted drugs on people 30-50 times, that Stetser paid people with drugs 15-20 times, and that every police report involving drug arrests written by them from November 2007 to November 2009 was false. He specifically admitted that the report on the arrest of Alanda Forrest of July 1, 2008 was falsified. There was no hand-to-hand drug transaction.

30. Dan Morris testified at Figueroa's trial that he attributed drugs to a person who was not actually in possession of them and who was simply in proximity to them, at least 10 times and that he stole money 5 or 6 times. He also admitted writing inaccurate police reports 30-40 times.

31. Jason Stetser testified at the Figueroa trial that he threatened people, stole money, falsified reports, planted and added drugs on people, unlawful searches, paid prostitutes with drugs in return for information, and lied to grand juries. Lt. Pike, his supervisor, knew he was writing false reports and accepted them.

32. Internal Affairs Case #08-301 showed a Complaint by Dorothy Johnson. She was interviewed on August 26, 2008 by Internal Affairs alleging that Stetser put drugs on someone, that in June 2008, Stetser took 495 bags of drugs from her and that he took 300 bags of drugs from her in 2007. Stetser kept the drugs. The investigating officer wrote that these are serious allegations which must be addressed immediately for the good of the department.

33. Internal Affairs Case #08-222 showed a Complaint by Vivette Skinner that on August 2, 2008 Officer Stetser harassed her 13-year-old son and assaulted the child.

34. Internal Affairs Case #08-137 showed a Complaint against Stetser on May 1, 2008 for harassment.

9

35. Internal Affairs Case #07-211 showed that on August 29, 2007 Internal Affairs received a Notice of Motion to Disclose Personnel records on officers Parry and Stetser from the attorney for Harold Whitley. The letter brief accompanying the motion claims that both officers planted evidence on Mr. Whitley and that Thomas Worton and Robert Henderson were making similar allegations against Officer Stetser. The Whitley arrest occurred on December 10, 2006. Case concluded as unfounded.

36. Internal Affairs Case #08-295 disclosed the complaint of Antwyan Rolax that he was falsely arrested and that officers Parry and Stetser planted drugs on him on December 27, 2007.

37. Sgt. Joseph Wysocki became in charge of Internal Affairs in May 2009. If there is no independent verification of complaint, it is found "not sustained." Camden was ranked number 1 or 2 every year as the most violent city in the nation. From 2004-2009, an officer had no requirement to contact the sergeant frequently. Now the officer has to contact the sergeant every 20 minutes. There is no such thing as a random patrol anymore. Everything is directed. On June 23, 2009, he and two other IA officers were assigned to conduct random checks on police officers on a directed patrol. This is for checks and balances. Since May 2009, 6-9 other officers were found falsifying reports. When he first went into IA, there were 400 open cases including some back to 2004. As a result of the investigation into Parry and Stetser, 214 criminal cases were either vacated judgments of conviction or thrown out pending charges or not indict on pending complaints. When Chief Thomson came in August 2008, there was a need to change the way the police officers were thinking. They were being made more accountable. Chief Thomson went to East Orange, New Jersey and reviewed their model for changes in Camden including eye in the sky program, GPS in all cars, consoles that provided instant information to the officers. It increased officer accountability.

38. The Camden County Prosecutor's Office stopped prosecuting complaints filed by Party, Stetser and Figueroa on November 10, 2009. The Office learned about Stetser and Parry

investigation in August 2008. The first complaints about Stetser and Parry came into IA in January 2008 and CCPO allowed Camden IA to continue their criminal investigation into Stetser and Parry. Mark Chase of the CCPO sent a letter dated September 16, 2008 to IA not to take any further administrative action pending CCPO review but they could still investigate.

39. Benjamin Vautier, another police officer, saw Stetser steal drugs and complained, but nothing was done. This was in 2007. He also spoke to IA on May 18, 2008 about Stetser. He recited in his deposition numerous incidents where he saw Stetser take drugs and not turn it in and that it was common knowledge.

40. Mark Chase was Deputy Section Chief of Special Prosecutors Section in Camden County Prosecutor's Office from 2004 until he became Section Chief in December 2009. He first heard of Parry and Stetser in January 2008 when there were 2 complaints of money stolen. There was an investigation of Stetser in 2005 when Stetser was in a bar in Waterford asking for CDS. It was referred back to IA as an Administrative Case. In February 2008 he got 2 complaints on Figueroa. The Camden IA Unit was instructed to investigate. In late August or early September 2008, he got 3 or 4 more complaints and it was decided to do an integrity test in October 2008 which failed. More complaints came in during January and February 2009 and May 2009. There were motions by attorneys in criminal cases in 2007 concerning planting drugs. The letter of September 16, 2008 telling the Camden IA Unit to not do anything further until advised by the Prosecutor's Office was requested by the Camden Internal Affairs Unit. Starting in 2005, the Prosecutor's Office only sent those type of letters out when requested by the local police department The 45 day period for administrative action against officers is tolled when case is sent to County Prosecutor, so do not need such a letter to toll the 45-day period. In May and Summer of 2009, Figueroa and Stetser were not appearing for court or grand jury so administrative action taken.

**PART IV. CITY OF CAMDEN CONTESTED FACTS:**

1.  Jason Stetser is a former Police Officer with the City of
    Camden Police Department (hereinafter "CPD").

2.  Stetser attended to the Camden County Police Academy
    beginning in January 2003, and graduated six (6) months later
    on June 26, 2003.

3.  Stetser' s academy training included the following:
    a. Arrest, search and seizures;
    b. Constitutional law;
    c. Appropriate methods to make arrests;
    d. Evidence;
    e. Report writing;
    f. Police ethics;
    g. firearms;
    h. Use of force as promulgated by the New Jersey Attorney
       General's Office, which included the use of force
       continuum;
    i. Components of criminal justice system;
    j. 2Claw;
    k. Communications;
    a. Patrol concepts; and
    l. Criminal investigations.

4.  From 1997 to 2004, Sgt. Anthony J. Lanteigne, Jr., of the
    Camden County Prosecutor's Office (hereinafter "CCPO") was
    assigned to the Camden County Police Academy as the Training
    Coordinator.

5.  Stetser' s police academy mandatory instruction included,
    inter alia, morals and ethics, which emphasized the
    difference between right and wrong, and placing ethics into a
    practical exercise.

6.  The police academy did not instruct Stetser to lie under
    oath, falsify reports or plant drugs.

7.  The policy academy courses on report writing and courtroom
    testimony strived for honesty for the report
    writer/testifier.

8.  Stetser interviewed with the CPD, a background check was
    performed upon him, and he underwent a psychological
    examination prior to being hired.

9. Stetser undertook an oath pursuant to his hiring as a CPD officer wherein he swore, inter alia, to support the Constitution of the United States and the Constitution of the State of New Jersey.

10. Stetser's first assignment with the CPD was to the Patrol Division, which entailed answering calls for service and writing reports.

11. Stetser participated in the Field Training Officer (hereinafter "FTO") Program wherein senior officers reinforced Stetser's police academy training.

12. Kevin Parry attended the Burlington County Police Academy for twenty-four (24) weeks, and graduated on September 12, 2006.

13. Parry's police academy training included:
    a. Use of force;
    b. Search and seizure;
    c. Police report writing;
    d. Professional development;
    e. Criminal justice system;
    f. Communications;
    g. Constitutional law;
    h. Rules of evidence/eyewitness;
    i. Criminal law;
    j. Criminal investigations; and
    k. Patrol concepts.

14. Leon Edward Brodowski is the former Director of the Burlington County Police Academy, and pursuant to his position he was responsible for the training of the recruits for each academy class.

15. The first class taught to Parry's recruit class was morals and ethics, which entailed instruction on knowing right from wrong and performing one's job professionally, ethically and morally.

16. Honesty was constantly emphasized throughout Parry's police academy training.

17. After graduating from the police academy, Parry knew it was wrong to provide drugs to private citizens, plant evidence, steal money, falsify reports, use excessive force, and to witness a fellow officer break the law and fail to intervene and/or report the unlawful conduct to a supervisor.

18. Prior to attending the police academy, Parry knew it was wrong to provide drugs to private citizens, plant evidence, steal money, falsify reports, use excessive force, and to witness a fellow officer break the law and fail to intervene and/or report the unlawful conduct to a supervisor; however, he did not need training to understand it was wrong to break the law.

19. Prior to being hired by the CPD, a background check was performed on Parry, in addition to a psychological examination being performed upon him.

20. Parry took an oath when hired by the CPD that, inter alia, he would support the Constitution of the United States and the Constitution of New Jersey.

21. As a police officer with the CPD, it was reinforced that it was wrong to provide drugs to private citizens, plant evidence, steal money, falsify reports, use excessive force, and to witness a fellow officer break the law and fail to intervene and/or report the unlawful conduct to a supervisor.

22. As with Stetser, Parry participated in the FTO Program for approximately four (4) months, wherein he was taught CPD policies and procedures; he was not taught anything involving in engaging in unlawful activity.

23. The CPD had its own rules and regulations, and Parry was responsible for knowing the standard operating procedures of the CPD.

24. During his tenure as a police officer with the CPD, Stetser received mandatory forty hour (40) in-house training, which included the following:
    a. Use of force;
    b. Search and seizure; and
    c. Instruction from Assistant Prosecutors from the Camden County Prosecutor's Office (hereinafter "CCPO") on topics such as constitutional law and what the appropriate procedures were for search and seizure.

25. Immediately after receiving the aforementioned training from the CCPO, tests were administered and then the instructor went over the questions and correct answers to ensure that the correct answers were understood by the officers.

26. Stetser also received bi-annual use of force training when qualifying with his firearm.

27. Through his CPD training, Stetser knew: it was impermissible to conduct unconstitutional stops and searches, and it was against CPD policy and the law to plant drugs on individuals and to steal money.

28. Pursuant to CPD policy for all of its law enforcement personnel, Parry underwent bi annual forty (40) hour in-service training, which included the following:
    a. Search and seizure;
    b. Title 39;
    c. The New Jersey Criminal Code (2C); and
    d. Use of force.

29. During Parry's bi-annual 40 hour in-service training, written tests covering the materials trained during the block of training were administered.

30. Parry, like Stetser, also received bi-annual use of force training when qualifying with his firearm.

31. Both Stetser and Parry received "Use of Informants" training from CPD Sgt. Joseph Wysocki, Jr. on January 29, 2008.

32. No arrest quota system existed in the CPD; making lawful arrests in the City of Camden, one of the most dangerous cities in the United States, was not difficult for a CPD officer.

33. At all times during Parry's employment as an officer with the CPD, he understood, pursuant to his training, that he and his fellow officers were required to abide by the law and make arrests in accordance with the Constitution; no supervisor, other than Sgt. Morris, advised Parry that he should break the law.

34. Parry's initial assignment was the Patrol Division.

35. As of July 1, 2008, then Sgt. Dan Morris, Stetser and Parry were assigned to the Patrol Division, and they were all transferred to Supplemental Patrol on July 28, 2008.

36. Stetser and Parry were always partnered with one another.

37. Each pair of officers partnered with one another would fill out a single patrol log, which would list where they were physically located throughout their shift.

38. Stetser's and Parry's patrol logs would, on almost a daily basis, inaccurately state their whereabouts during a shift.

39. Stetser filed false police reports while a Camden Police Officer.

40. Stetser expected his supervisors to rely upon the information contained in his reports, which was information that was supposed to be true and correct to the best of Stetser's knowledge.

41. Stetser and Parry conducted illegal searches of properties wherein private citizens were threatened, intimidated, and coerced into signing Consent to Search forms.

42. Stetser and Parry planted drugs on individuals. If drugs were planted on an individual or some other criminal activity was undertaken, unless Stetser' s and Parry's supervisor was at the scene, the supervisor would have no way of knowing that the unlawful conduct or that the report regarding same was false.

43. Stetser and Parry stole money from individuals.

44. Stetser provided informants money, drugs and food in exchange for information.

45. Stetser and Parry lied under oath while testifying in front of Grand Juries, in suppression hearings, and at trials.

46. All of the individuals that Stetser and Parry planted drugs on were drug dealers/individuals who were breaking the law.

47. It never crossed Parry's mind that the individuals whom he was violating their civil rights would complain to the CPD Internal Affairs Division (hereinafter "TAD") regarding same.

48. When Stetser was engaging in the aforementioned unlawful conduct, he knew his actions violated the law.

49. Stetser engaged in unlawful conduct in spite of his training, not as a result of his training.

50. When a supervisor other than Sgt. Morris was supervising Stetser, Stetser conducted his illegal activity in a manner in which it could not be detected.

51. Other than then Sgt. Morris, no other supervisor of the CPD was aware of Parry's illegal conduct. As part of then Sgt. Morris' duties as a supervisor, he was trained to discover false reports, which is also common sense.

52. If then Sgt. Morris was not at the scene of an arrest, he would not know if a report contained falsities; Plaintiff's counsel agrees with said statement.

53. When Parry was engaging in criminal activity, he would not announce where he was over his police radio, and unless Parry put out his location over the radio, his Sergeant would not report to Parry's location.

54. On March 19, 2010, Parry pled guilty to conspiring with former Stetser, Morris, Figueroa and Bayard from May 2007 to October 28, 2009 to depriving private citizens of their constitutional rights.

55. On June 29, 2010, Stetser pled guilty to conspiring with Parry, Morris, Figueroa and Bayard from May 2007 to October 28, 2009 to depriving private citizens of their constitutional rights.

56. Stetser knew at the time he engaged in the acts for which he pled guilty were outside the scope of his employment and against CPD policy, as well as the training he received at the policy academy and the CPD.

57. Neither Stetser nor Parry remember the events surrounding Plaintiff's arrest.

58. Parry wrote the Major Incident Report (hereinafter "MIR") for the events surrounding the arrest of Plaintiff.

59. Parry has conceded that he did not witness a hand-to-hand drug transaction as indicated in his MIR.

60. Parry wrote that a hand-to-hand drug transaction transpired to create probable cause for the resulting arrest of Plaintiff, thereby making his MIR appear legal to any persons who reviewed same.

61. Plaintiff does not possess any information that any other law enforcement officer of the City of Camden, other than those present at his arrest, had any knowledge that the charges against him were false.

62. Plaintiff "can't say that" his arrest and the charges against him were the result of a lack of training of Parry and/or Stetser.

63. Plaintiff possesses no personal knowledge of a lack of supervision of Parry and/or Stetser.

64. On November 13, 2008, Plaintiff was interviewed by the CPD IAD regarding his arrest on July 1st.

65. Plaintiffs initial complaint to the IAD stated he was assaulted by Parry and Stetser; Plaintiffs complaint does not make any mention of drugs being planted on him, or that he was never in possession of any drugs as he claims.

66. Lt. John Sosinavage was the Commanded of the CPD IAD in 2008.

67. Lt. Sosinavage attended the Attorney General Office for Division of Criminal Justice training on Internal Affairs practices and procedures.

68. The CCPO is responsible for supervising the lADs of the municipalities of Camden County, including the CPD IAD.

69. Mark K. Chase (hereinafter "A/P Chase") is an Assistant Prosecutor at the CCPO. In 2001, A/P Chase was assigned to the Special Prosecutions Unit, which was the unit assigned to investigate public corruption.

70. In 2004, A/P Chase was promoted to Deputy Section Chief of the Special Prosecutions Unit.

71. If a complaint was made to the CPD IAD that an officer had committed a crime, the matter would be forwarded to the CCPO as the CCPO was the investigative body of criminal complaints, and any investigation by the CPD IAD from that point on would be under the direction of the CCPO.

72. Prior to Plaintiffs arrest on July 1, 200$, complaints were being submitted to the CPD IAD regarding Stetser and Parry, which were forwarded to the CCPO. Meetings between the CCPO and the CPD IAD occurred as a result thereof, and the CPD IAD

investigations were stayed pending the CCPO criminal
investigations.

73. The CCPO began their investigation into, inter alia, Stetser
and Parry in January 2008, with the assistance of the CPD
IAD, with said investigation continuing through the Fall of
2008.

74. A/P Chase sent Lt. Sosinavage a letter on September 16, 200$
staying any investigations by the CPD TAD into, inter alia,
Stetser and Parry.

75. In 2008, the following CPD General Orders were in effect:
    a. 2003-001: Internal Affairs and Discipline
    b. 2003-003: Training and Career Development
    c. 2003-006: Use of force

**PART V. WITNESSES and SUMMARY OF TESTIMONY:**

    A. <u>Plaintiff's Witnesses and Summary of Their Testimony</u>

| Name | Address | Expected Testimony |
|---|---|---|
| Alanda Forrest | 54A Hopewell Lane, Sickerleville, NJ | Background regarding the July 1, 2008 incident leading to his arrest by Officers Stetser and Parry and his subsequent incarceration and its impact on him. |
| Lakesha Primus | 220 W. Branch Ave., Apt. 1726, Pine Hill, NJ | Background regarding the July 1, 2008 incident. |
| Kevin Blevins | Unknown | Background regarding the July 1, 2008 incident. |
| Hon. Christine Tucker, J.M.C. | 520 Market St., City Hall, 4th Floor, PO Box 95120, Camden, NJ | Issues that the Camden Police Department was experiencing from her time as the City Business Administrator. |
| Edward Hargis | Camden Police Department, 800 Federal Street, Camden, NJ | Issues with the Camden Police Department from his time as Chief of Police and prior instances of excessive force by Sgt. Daniel Morris. |

| Arturo Venegas, Jr. | Camden Police Department, 800 Federal Street, Camden, NJ | Findings of the Camden Commission on Public Safety and Issues with the Camden Police Department. |
|---|---|---|
| John Scott Thomson | Camden Police Department, 800 Federal Street, Camden, NJ | Issues with the Camden Police Department from his time as Chief of Police. |
| Joseph Saponare | Camden Police Department, 800 Federal Street, Camden, NJ | Issues relating to use of force reports and applicable training from his time as a Lieutenant with the Camden Police Department. |
| Joseph Wysocki | Camden Police Department, 800 Federal Street, Camden, NJ | Issues related to the Camden Police Department Internal Affairs Division from his time overseeing the unit. |
| John Sosinavage | Camden Police Department, 800 Federal Street, Camden, NJ | Issues related to the investigation and handling of internal affairs complaints. |
| Benjamin Vautier | Camden Police Department, 800 Federal Street, Camden, NJ | Anticipated testimony regarding observing and reporting misconduct by fellow officers and the response by the department. |
| Warren M. Faulk | Camden County Prosecutors Office, 22 N. Fifth St., Camden, NJ | Anticipated testimony regarding the results of the investigation by the Camden County Prosecutor's Office into Parry and Stetser and issues with the Camden Police Department on or about 2008 |
| Mark Chase | Camden County Prosecutors Office, 22 N. Fifth St., Camden, NJ | Anticipated testimony regarding time at the Camden County Prosecutors Office as Deputy Section Chief and later Section Chief of Special |

| | | |
|---|---|---|
| | | Prosecutors Section regarding Officers Parry, Stetser, and Figueroa. |
| Anthony Carmichael | 342 Egg Harbor Rd., Suite A-1, Sewell, NJ 08080 | Lt. Carmichael is expected to testify about and Internal Affairs file nos. 08-212 and 08-301. |
| Samuel Carlin | County of Camden, 520 Market St., Camden, NJ | Lt. Carlin is expected to testify about Internal Affairs file nos. 08-212 and 08-301. |
| Kevin Vallen | County of Camden, 520 Market St., Camden, NJ | Capt. Vallen is expected to testify about Internal Affairs file no. 08-212. |
| Paul Profera | Camden Police Department, 800 Federal Street, Camden, NJ | Anticipated testimony regarding internaal affairs file no. 08-295. |
| Gabriel Camacho | County of Camden, 520 Market St., Camden, NJ | Anticipated testimony regarding internal affairs file nos. 08-243, 08-212, and 08-301. |
| Kevin Kellejan | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Anticipated testimony regarding internal affairs file nos. 08-222. |
| Scott Bagby | Camden Police Department, 800 Federal Street, Camden, NJ | Anticipated testimony regarding internal affairs file nos. 08-222. |
| City of Camden Records Custodian/Designee(s) | City of Camden, 520 Market St., City Hall, Camden, NJ | The authenticity, nature, and background of various exhibits and documents intended to be submitted into evidence. |

B. The City Of Camden's Objections To Plaintiff's Witnesses

1. Plaintiff: The City of Camden objects to Plaintiff testifying about any medical diagnoses and casually relating them to the actions of the individual police

officers as he is not qualified to render such opinions pursuant to *Fed. R. Evid.* 702, and this is the law of the case. The City of Camden further objects to any testimony regarding the incident of July 1, 2008 as irrelevant, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

2. <u>Lakesha Primus</u>: The City of Camden objects to any testimony regarding the incident of July 1, 2008 as irrelevant, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

3. <u>Kevin Blevins</u>: The City of Camden objects to Mr. Blevins testifying at trial as Plaintiff never provided current contact information for Mr. Blevins and the City has been unable to locate Mr. Blevins to interview and/or depose him. The City of Camden further objects to any testimony regarding the incident of July 1, 2008 as irrelevant, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

4. <u>The Hon. Christine Tucker, J.M.C.</u>: The City of Camden objects to Judge Tucker testifying about "issues" or "problems" in the Camden Police Department as she lacks personal knowledge regarding the same, such testimony would be lacking in foundation hearsay, irrelevant, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

5. <u>Chief Edward Hargis (Ret.)</u>: The City of Camden objects to Chief Hargis testifying about the Camden Police Department while he was Chief of Police as the same is irrelevant and unduly prejudicial to the issues of trial. The City further objects to Chief Hargis testifying about the recommendations

of the Blue Ribbon Panel as Chief Hargis was not an author of the Panel's report nor was he a recipient; the recommendations are hearsay, irrelevant and unduly prejudicial to the issues of trial. The City also objects to Chief Hargis testifying about the past record of excessive force for Sgt. Morris as said complaints took place in the 1980's and therefore extremely remote in time, Chief Hargis does not recall how the complaints were resolved, and they are irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

6. <u>Arturo Venegas, Jr.</u>: The City of Camden objects Mr. Venegas testifying regarding the findings of the Camden Commission on Public Safety as he did not author the Commission's report, nor did he even see the final report as he only read a draft; the recommendations are hearsay; opinions of Mr. Venegas as to what other people felt are inadmissible as he is not qualified to render such opinions; such testimony is also irrelevant and unduly prejudicial. The City further objects to Mr. Venegas' testifying about the City's supposed rejection of a formal evaluation process as the same is lacking in foundation, is speculative, irrelevant and unduly prejudicial. The City also objects to Mr. Venegas testifying regarding "the City's failure to adequately protect the civil rights of its citizens" as there has been no disclosure during discovery that he would offer such an opinion, and the opinion is lacking in foundation, speculative, irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

7. <u>Chief John Scott Thomson</u>: The City of Camden objects to Chief Thomson testifying regarding the Camden Police Department at the time he became Chief as it is subsequent to the events at issue, irrelevant and unduly prejudicial. The City further objects to Chief Thomson testifying about "the weaknesses within the Department" as the same is

lacking in foundation, vague, speculative, irrelevant and unduly prejudicial. The City objects to any changes made by Chief Thomson to the CPD after he became Chief of Police as they are inadmissible subsequent remedial measures, irrelevant, any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

8. Lt. Joseph Saponare (Ret.): The City of Camden objects to Lt. Saponare testifying abou "use of force reports" as the specific reports are not identified by Plaintiff.

9. Chief Joseph Wysocki: The City of Camden objects to Lt. Wysocki testifying about the conditions of the CPD Internal Affairs prior to his assignment to the same as he lacks personal knowledge thereof, such testimony is lacking in foundation, speculative, irrelevant and unduly prejudicial. The City further objects to any changes made by Lt. Wysocki after he took over Internal Affairs as they are subsequent to the events at issue, irrelevant and unduly prejudicial. The City also objects to Lt. Wysocki testifying about other officers that have been arrested since 2009 as the same is irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

10. Lt. John Sosinavage: The City of Camden objects to Lt. Sosinavage testifying at trial about "the Internal Affairs records, the handling of officer complaints, and the outcome of Internal Affairs complaints" as the same is vague, overbroad, irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

11. Benjamin Vautier: The City of Camden objects to Mr. Vautier testifying at trial on the grounds that it lacks foundation is speculative, irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice,

confusion of the issues, misleading the jury, undue delay,
wasting time, and/or needlessly presenting cumulative
evidence. The City further objects to Mr. Vautier's
testimony as the same does not meet the requirements of
prior bad acts pursuant to *Fed. R. Evid.* 404.

12. <u>Prosecutor Warren M. Faulk (Ret.)</u>: The City of Camden
objects to Pros. Faulk testifying that when Chief Thomson
became Chief in August 2008, there was a need to change the
way the police officers were thinking as the same is lacking
in foundation, speculative, irrelevant and unduly
prejudicial. The City further objects to Pros. Faulk
testifying about changes in the CPD during Chief Thomson's
tenure as the same is lacking in foundation, irrelevant, and
any probative value is substantially outweighed by a danger
of unfair prejudice, confusion of the issues, misleading the
jury, undue delay, wasting time, and/or needlessly
presenting cumulative evidence.

13. <u>The Hon. Mark Chase, J.S.C.</u>: The City of Camden objects to
A/P Chase testifying about prior complaints about Stetser
and/or Parry as the same is lacking in foundation,
irrelevant, and any probative value is substantially
outweighed by a danger of unfair prejudice, confusion of the
issues, misleading the jury, undue delay, wasting time,
and/or needlessly presenting cumulative evidence.

14. <u>Anthony Carmichael:</u> The City of Camden objects to this
testimony as irrelevant and any probative value is
substantially outweighed by a danger of unfair prejudice,
confusion of the issues, misleading the jury, undue delay,
wasting time, and/or needlessly presenting cumulative
evidence.

15. <u>Samuel Carlin:</u> The City of Camden objects to this testimony
as irrelevant and any probative value is substantially
outweighed by a danger of unfair prejudice, confusion of the
issues, misleading the jury, undue delay, wasting time,
and/or needlessly presenting cumulative evidence.

16. <u>Kevin Vallen:</u> The City of Camden objects to this testimony
as irrelevant and any probative value is substantially

outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

17. <u>Paul Profera:</u> The City of Camden objects to this testimony as irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

18. <u>Gabriel Camacho:</u> The City of Camden objects to this testimony as irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

19. <u>Kevin Kellejan:</u> The City of Camden objects to this testimony as irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

20. <u>Scott Bagby:</u> The City of Camden objects to this testimony as irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

21. <u>City of Camden Records Custodian/Designee(s):</u> The City of Camden objects to this testimony as irrelevant and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

   C. <u>City Of Camden's Witnesses and Summary of Their Testimony</u>

| Name | Address | Expected Testimony |
|------|---------|--------------------|
| Kevin Parry | 304 New Jersey Road, Brooklawn, NJ | Mr. Parry is expected to testify about the events surrounding Plaintiff's arrest, Mr. Parry's training and |

| | | |
|---|---|---|
| | | experience, the contents of his reports, deposition testimony, testimony in the criminal prosecution against him and his co-defendants, his surreptitious criminal activities, and his understanding of City of Camden policies and procedures. |
| Jason Stetser | 406 Harvey Avenue, Chesilhurst, NJ | Mr. Stetser is expected to testify about the events surrounding Plaintiff's arrest, Mr. Stetser's training and experience, the contents of his reports, deposition testimony, testimony in the criminal prosecution against him and his co-defendants, his surreptitious criminal activities, and his understanding of City of Camden policies and procedures. |
| Daniel Morris | 15 Katherine Ave., Cherry Hill, NK | Mr. Morris is expected to testify about the events surrounding Plaintiff's arrest, Mr. Morris' training and experience, the contents of his reports, deposition testimony, testimony in the criminal prosecution against him and his co-defendants, his surreptitious criminal activities, and his understanding of City of Camden policies and procedures. |
| Maurice Gibson | City of Camden, 520 Market St., Camden, NJ | Detective Gibson is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, and the contents of his reports regarding Plaintiff's arrest. |
| Anthony Carmichael | 342 Egg Harbor Rd., Suite A-1, Sewell, NJ 08080 | Lt. Carmichael is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, and Internal Affairs file nos. 08-212 and 08-301. |
| Samuel Carlin | County of Camden, 520 Market St., | Lt. Carlin is expected to testify about his training and experience, his understanding of City of Camden |

| | Camden, NJ | policies and procedures, and Internal Affairs file nos. 08-212 and 08-301. |
|---|---|---|
| Kevin Vallen | County of Camden, 520 Market St., Camden, NJ | Capt. Vallen is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, and Internal Affairs file no. 08-212. |
| Gabriel Camacho | County of Camden, 520 Market St., Camden, NJ | Sgt. Camacho is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, Internal Affairs file nos. 08-212 and 08-301, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Sgt. Kurt Claus | City of Camden, 520 Market St., Camden, NJ 08101 | Sgt. Clauss is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, Internal Affairs file nos. 08-212 and 08-301, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Inv. Roberts | Camden County Prosecutors Office, 25 North Fifth St., Camden, NJ | Inv. Roberts is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, Internal Affairs file no. 08-137, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| John Sosinavage | 342 Egg Harbor Road, Suite A_1, Sewell, NJ | Lt. Sosinavage is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, his deposition testimony, Internal Affairs file nos. 07-211, 08-137, 08-212 and 08-301, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Joseph Wysocki | Camden County, 800 Federal St., Camden, NJ | Sgt. Wysocki is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, his deposition |

|  |  | testimony, Internal Affairs file no. 08-212, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
|---|---|---|
| Mark Chase | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Assistant Prosecutor Chase is expected to testify about his training and experience, his deposition testimony, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Anthony J. Lanteigne, Jr. | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Sgt. Lanteigne is expected to testify about his training and experience, and the substance of his testimony in U.S. v. Figueroa/Bayard. |
| Leon Edward Brodowski | Burlington County Police Academy, County Rt. 530, Pemberton, NJ | Mr. Brodowski is expected to testify about his training and experience, and the substance of his testimony in U.S. v. Figueroa/Bayard. |
| Jason Pike | Camden County, 800 Federal St., Camden, NJ | Sgt. Pike is expected to testify about his training and experience, and the substance of his testimony in U.S. v. Figueroa. |
| Julio Rodriguez | Camden County, 800 Federal St., Camden, NJ | Ofc. Rodriguez is expected to testify about his training and experience, and the substance of his testimony in U.S. v. Figueroa. |
| Andrew Rixham | FBI, 600 Arch St., 8th Fl., Philadelphia, PA | S.A. Rixham is expected to testify about his training and experience, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| William Sweeney | FBI, 600 Atch St., 8th Fl., Philadelphia, PA | S.A. Sweeney is expected to testify about his training and experience, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Edwin Ramos | Camden County, 800 Federal St., Camden, NJ | Sgt. Ramos is expected to testify about his training and experience, his understanding of City of Camden policies and procedures, and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Scott Bagby | City of | Det. Bagby is expected to testify |

| | | |
|---|---|---|
| | Camden, 520 Market St., Camden, NJ 08102 | about his training and experience, his understanding of City of Camden policies and procedures, and the criminal investigation Of Stetser/Parry/Figueroa/Bayard/Morris. |
| Kenneth Curcio | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Inv. Curcio is expected to testify about his training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Lester Ryan | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Inv. Ryan is expected to testify about his training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Timothy Gallagher | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Sgt. Gallagher is expected to testify about his training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Leslie Dicker | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Assistant Prosecutor Dicker is expected to testify about her training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Harry Ruebel | Office of the New Jersey Public Defender, 101 Haddon Avenue, #208, Camden, NJ 08103 (856-614-3500) | Mr. Ruebel is expected to testify about his interview of Kennedy Blevins, the contents of his report and the contents of Mr. Blevins' statement. |
| Gladys Rodriguez | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | A/P Rodriguez is expected to testify about her training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Paul Morris | Office of the Attorney General, 25 Market St., Trenton, NJ | Inv. Morris is expected to testify about his training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Boris Moczula | Office of the Attorney | Inv. Moczula is expected to testify about his |

| | General, 25 Market St., Trenton, NJ | training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |
| Kevin Kellejan | Camden County Prosecutors Office, 25 N. 5th St., Camden, NJ | Sgt. Kellejan is expected to testify about his training and experience and the criminal investigation of Stetser/Parry/Figueroa/Bayard/Morris. |

D. Plaintiff's Objections to Defendant's Witnesses:

1. Jason Stetser – Plaintiff objects to testimony by this witness regarding the July 1, 2008 subject incident involving Stetser, Parry, and Morris as the trier of fact has already found for Plaintiff on the claim of false arrest in violation of his constitutional rights rendering further testimony by Stetser on this issue moot and inadmissible as not relevant to any fact at issue pursuant to Fed. R. Evid. 402.

2. Daniel Morris - Plaintiff objects to testimony by this witness regarding the July 1, 2008 subject incident involving Stetser, Parry, and Morris as the trier of fact has already found for Plaintiff on the claim of false arrest in violation of his constitutional rights rendering further testimony by Morris on this issue moot and inadmissible as not relevant to any fact at issue pursuant to Fed. R. Evid. 402.

3. Maurice Gibson - Plaintiff objects to testimony by this witness regarding the July 1, 2008 subject incident as the trier of fact has already found for Plaintiff on the claim of false arrest in violation of his constitutional rights rendering further testimony by Detective Gibson on this issue moot and inadmissible as not relevant to any fact at issue pursuant to Fed. R. Evid. 402.

4. Plaintiff objects to the remainder of Defendant's witnesses on the subject of the criminal investigations and prosecutions of Stetser, Parry, Figueroa, Bayard, and Morris to the extent that such testimony is duplicative and cumulative in nature.

5. Plaintiff objects to the remainder of Defendant's witnesses to the extent that they seek to introduce testimony that

Stetser and Parry received training but committed criminal acts regardless as not relevant to any fact at issue and inadmissible pursuant to Fed. R. Evid. 402.

6.   Plaintiff objects to the remainder of Defendant's witnesses, other than supervisory officers at the Camden Police Department, seek to introduce evidence regarding their own training and supervisory police and practices as not relevant to any fact at issue and inadmissible pursuant to Fed. R. Evid. 402 and/or with any probative value outweighed by the likelihood to confuse and/or result in unfair prejudice.

**PART VI. PROPOSED EXHIBITS:**

A. <u>PLAINTIFF'S EXHIBITS</u>

   1. Plaintiff intends to introduce the following exhibits into evidence:

P-1.   Deposition Testimony of Christine Tucker dated July 26, 2012.

P-2.   Consulting Agreement entered into between the City of Camden and Arturo Venegas, Jr. on August 1, 2006

P-3.   Supervision Monthly Report dated October 8, 2007.

P-4.   Attorney General Report on the Camden Police Department June 2007.

P-5.   Final Report Attorney General's Advisory Commission on Camden's Public Safety September 2006.

P-6.   Deposition Testimony of Edward Hargis dated August 31, 2012.

P-7.   Deposition Testimony of Arturo Venegas, Jr. dated August 22, 2012.

P-8.   Deposition Testimony of John Scott Thomson dated July 18, 2012.

P-9.   Deposition Testimony of Alanda Forrest.

P-10.   Deposition Testimony of Lakesha Primus dated November 18, 2014.

P-11.   Deposition Testimony of Daniel Morris dated July 2, 2014.

P-12.   Internal Affairs file on the July 1, 2008 incident complaint filed by Plaintiff. Bates Nos. 017921-017983.

P-13.   Deposition Testimony of Joseph Saponare April 13, 2012.

P-14.   Deposition Testimony of Lt. John Sosinavage dated April 12, 2012.

P-15.   Order dated December 18, 2009 vacating Plaintiff's conviction and dismissing the indictment.

P-16.   Indictment of Plaintiff entered on September 11, 2008.

P-17.   Affidavit of Plaintiff dated April 1, 2015.

P-18.   Trial Testimony of Kevin Parry dated November 29, 2011.

P-19.   Trial Testimony of Daniel Morris dated November 21, 2011.

P-20.   Trial Testimony of Jason Stetser dated November 28, 2011.

P-21.   Internal Affairs Case #08-301. Bates Nos. 018180-018237.

P-22.   Internal Affairs Case #08-222. Exhibit LTS-3 of Lieutenant Sosinavage's Deposition.

P-23.   Internal Affairs Case #08-137. Exhibit LTS-4 of Lieutenant Sosinavage's Deposition.

P-24.   Internal Affairs Case #07-211. Bates Nos. 014333-014349.

P-25.   Internal Affairs Case #08-295. Bates Nos. 014352-014396.

P-26.   Deposition Testimony of Joseph Wysocki.

P-27.   Deposition Testimony of Warren M. Faulk dated August 9, 2012.

P-28.   Deposition Testimony of Mark Chase dated August 8, 2012 and May 24, 2012.

P-29.   Transcript of Guilty Plea of Jason Stetser dated June 29, 2010.

P-30.   Deposition of Benjamin Vautier dated August 23, 2012.

P-31.   Grand Jury Transcript of September 11, 2008.

P-32.   Deposition Testimony of Kevin Parry.

P-33.   Testimony of Jason Stetser during Figueroa Trial dated
        November 22, 2011.

P-34.   Deposition Testimony of Joseph Wysocki dated February 29,
        2012.

P-35.   Deposition Testimony of Mark Chase dated May 24, 2012.

P-36.   Deposition Testimony of Jeffrey Hicks dated February 2,
        2012.

P-37.   Guilty Plea Transcript of Kevin Parry dated March 19,
        2010.

P-38.   Jason Stetser's IA Index card. Bates No. 014786, Exhibit
        JS-7 of Jason Stetser's Deposition, and 014803.

P-39.   Kevin Parry's IA Index card. Bates No. 015040.

P-40.   IA File No. 08-243

    2. The City of Camden's Objections to Plaintiff's Exhibits

1.  Transcript of deposition of Judge Tucker: Hearsay,
    foundation, relevance, any probative value is substantially
    outweighed by a danger of unfair prejudice, confusion of the
    issues, misleading the jury, undue delay, wasting time,
    and/or needlessly presenting cumulative evidence.

2.  Consulting Agreement between County of Camden and Arturo
    Venegas: Hearsay, foundation, relevance. This agreement is
    between Camden County and Mr. Venegas; not the City and Mr.
    Venegas.

3.  Supersession Report, October 2007: Hearsay, foundation,
    relevance, and any probative value is substantially
    outweighed by a danger of unfair prejudice, confusion of the
    issues, misleading the jury, undue delay, wasting time,
    and/or needlessly presenting cumulative evidence. This is
    not a "Supervision" report; it is a "Supersession" Report.

4.  Attorney General Report on the Camden Police Department June 2007: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

5.  Final Report Attorney General's Advisory Commission on Camden's Public Safety: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

6.  Transcript of deposition of Chief Hargis: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

7.  Transcript of deposition of Arturo Venegas: Hearsay, foundation, relevance, undue prejudice, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

8.  Transcript of deposition of Chief Thomson: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

9.  Transcript of deposition of Plaintiff: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

10. Transcript of deposition of Lakesha Primus: Hearsay, foundation, relevance, and any probative value is

substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

11. <u>Transcript of deposition testimony of Daniel Morris</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

12. <u>Internal Affairs file for arrest of Plaintiff</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

13. <u>Transcript of deposition of Lt. Saponare</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

14. <u>Transcript of deposition of Lt. Sosinavage</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

15. <u>Affidavit of Plaintiff</u>: Hearsay, foundation, relevance, it is a sham affidavit, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

16. <u>Trial testimony of Kevin Parry</u>: Hearsay, foundation, relevance, and any probative value is substantially

outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

17. <u>Trial testimony of Daniel Morris</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

18. <u>Trial testimony of Jason Stetser</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

19. <u>Internal Affairs files 07-211, 08-137, 08-222, 08-243, 08-295 08-301</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

20. <u>Transcript of deposition of Lt. Wysocki</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

21. <u>Transcript of deposition of Prosecutor Faulk</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

22. <u>Transcript of deposition of A/P Chase</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

23. <u>Transcript of guilty plea of Jason Stetser</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

24. <u>Transcript of deposition of Benjamin Vautier</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

25. <u>Transcript of Grand Jury on September 11, 2008</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

26. <u>Transcript of deposition of Kevin Parry</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

27. <u>Transcript of testimony of Jason Stetser in U.S. v. Figueroa/Bayard</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

28. <u>Transcript of deposition of Jeffrey Hick</u>: Hearsay, foundation, relevance, unduly prejudicial, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

29. <u>Transcript of guilty plea of Kevin Parry</u>: Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

30. <u>Jason Stetser's IA Index Card:</u> Hearsay, foundation, relevance, unduly prejudicial, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.

31. <u>Kevin Parry's IA Index Card:</u> Hearsay, foundation, relevance, and any probative value is substantially outweighed by a danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, wasting time, and/or needlessly presenting cumulative evidence.


   B. <u>DEFENDANT CITY OF CAMDEN'S EXHIBITS:</u>

   1. Defendant intends to introduce the following exhibits into evidence:

D-1.   CPD rules and regulations (Camden-0001 to Camden-0117)

D-2.   General Order 2003-001: Internal Affairs and Discipline

D-3.   General Order 2003-003: Training and Career Development

D-4.   General Order 2003-006: Use of Force

D-5.   *USA v. Forrest* Certified Judgment of Conviction

D-6.   May 22, 2003 *USA v. Forrest* Third Circuit Opinion

D-7.   June 26, 2003 Jason Stetser Certificate of completion of Basic Course for Police Officers

D-8.   June 26, 2003 Jason Stetser Official Oath of Public Officers City of Camden

D-9.   July 1, 2003 Student Detail of Jason Stetser

D-10.   *State v. Lakisha Coley* Certified Judgment of Conviction Accusation No. 04-02-00637-A

D-11.   Jason Stetser CPD Training File (Camden-0119 to Camden-0201)

D-12.   September 11, 2006 academic record of Kevin Parry (Camden-0325)

D-13.   September 12, 2006 Kevin Parry Certification of Completion for Basic Course for Police Officers (Camden-0327)

D-14.   September 12, 2006 oath of Kevin Parry

D-15.   Kevin Parry CPD Training File (Camden-0202 to Camden-0327)

D-16.   Daniel Morris CPD Training File (Camden-0328 to Camden-0358)

D-17.   July 1, 2008 Major Incident Report (Camden-0365 to Camden-0366)

D-18.   Internal Affairs File no. 08-212 (Camden-0359 to Camden 0408)

D-19.   September 16, 2008 letter from A/P Chase to Lt. Sosinavage

D-20.   January 23, 2009 Investigation Report of Harry Reubel

D-21.   May 29, 2009 *State v. Forrest* sentencing transcript

D-22.   November 24, 2009 *USA v. Forrest* Judgment Order

D-23.   March 19, 2010 testimony of Kevin Parry in U.S. v. Kevin M. Parry, criminal no. 10-191

D-24.   June 29, 2010 testimony of Jason Stetser in U.S. v. Jason Michael Stetser, criminal no. 10-431

D-25.   November 16, 2011 testimony of Sgt. Anthony J. Lanteigne, Jr. in U.S. v. Antonio Figueroa and Robert Bayard, criminal number 10-685

D-26.   November 16, 2011 testimony of Leon Edward Brodowski in U.S. v. Antonio Figueroa and Robert Bayard, criminal number 10-685

D-27.  November 17, 2011 testimony of Daniel Morris in <u>U.S. v.
       Antonio Figueroa and Robert Bayard</u>, criminal number 10-
       685

D-28.  November 21, 2011 testimony of Daniel Morris in <u>U.S. v.
       Antonio Figueroa and Robert Bayard</u>, criminal number 10-
       685

D-29.  November 22, 2011 testimony of Jason Stetser in <u>U.S. v.
       Antonio Figueroa and Robert Bayard</u>, criminal number 10-
       685

D-30.  November 28, 2011 testimony of Jason Stetser in <u>U.S. v.
       Antonio Figueroa and Robert Bayard</u>, criminal number 10-
       685

D-31.  November 28, 2011 testimony of Sgt. Joseph Wysocki in
       <u>U.S. v. Antonio Figueroa and Robert Bayard</u>, criminal
       number 10-685

D-32.  November 29, 2011 testimony of Kevin Parry in <u>U.S. v.
       Antonio Figueroa and Robert Bayard</u>, criminal number 10-
       685

D-33.  November 30, 2011 testimony of Kevin Parry in <u>U.S. v.
       Antonio Figueroa and Robert Bayard</u>, criminal number 10-
       685

D-34.  December 5, 2011 testimony of Sgt. Jason Pike in <u>U.S. v.
       Antonio Figueroa and Robert Bayard</u>, criminal number 10-
       685

D-35.  December 5, 2011 testimony of Ofc. Julio Rodriguez in
       <u>U.S. v. Antonio Figueroa and Robert Bayard</u>, criminal
       number 10-685

D-36.  Plaintiff's 4th Amended Complaint

D-37.  Plaintiff's Rule 26 Disclosures dated February 22, 2011

D-38.  Interrogatories propounded upon Plaintiff dated March 23,
       2011

D-39.  Plaintiff's answers to interrogatories January 20, 2012
       (P-001 to 0009)

D-40.  Requests for documents to Plaintiff dated March 23, 2011

D-41.  Plaintiff's answers to request for documents

- Response to Request for Documents (P-0010 to 0014)
- Complaint (P-0016)
- Documents relating to the arrest (P-0017 to P-0035)
- Documents relating to the criminal prosecution (P-0035 to 0041)
- Indictment (P-0043 to P-0047)
- Laboratory Report (P-0048)
- Use of Force Report by Kevin Parry (P-0049)
- Camden County Department of Corrections Documents (P-0051 to 0100)
- Civil Rights Complaint 09-1555 dated June 18, 2009 (P-0102 to 0108)
- Documents from the Camden County Prosecutor's Office (P-0110 to P-0231)
- Statement of Timothy Davis dated July 29, 2008 (P-0233)
- Transcript of September 11, 2008 Grand Jury Hearing (P-0235 to P-0242)
- Photographs (P-0252 to P-0254)
- Virtua Medical Records (P-0257 to P-0303)

D-42.  February 1, 2012 deposition transcript of Plaintiff

D-43.  February 8, 2012 deposition transcript of Sgt. Wyscocki

D-44.  February 29, 2012 deposition transcript of Sgt. Wyscocki

D-45.  February 22, 2012 deposition transcript of A/P Gladys Rodriguez

D-46.  April 12, 2012 deposition transcript of Lt. Sosinavage

D-47.  May 24, 2012 deposition transcript of CCPO Assistant Prosecutor Mark K. Chase

D-48.  March 4, 2013 deposition transcript of Jason Stetser

D-49.  June 30, 2014 deposition transcript of Kevin Parry

D-50.  July 2, 2014 deposition transcript of Dan Morris

D-51.  CV of Jack Ryan

D-52.  Expert report of Jack Ryan

D-53.   Supplemental expert report of Jack Ryan

D-54.   April 11, 2016 trial transcript

D-55.   April 12, 2016 trial transcript

D-56.   April 13, 2016 trial transcript

D-57.   April 15, 2016 trial transcript


   2. Plaintiff Objections To Defendant's Exhibits

Plaintiff objects to No. 5 USA v. Forrest Certified Judgment of
Conviction as risk of unfair prejudice substantially outweighing
probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to No. 7 June 26, 2003 Jason Stetser
Certificate of completion of Basic Course for Police Officers as
not relevant to any disputed issue remaining and inadmissible
pursuant to Fed. R. Evid. 402 and/or as the risk of unfair
prejudice substantially outweighing any probative value pursuant
to Fed. R. Evid. 403.

Plaintiff objects to No. 8 June 26, 2003 Jason Stetser Official
Oath of Public Officers City of Camden as not relevant to any
disputed issue remaining and inadmissible pursuant to Fed. R.
Evid. 402 and/or as the risk of unfair prejudice substantially
outweighing any probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to No. 11 Jason Stetser CPD Training File
(Camden-0119 to Camden-0201) as not relevant to any disputed
issue remaining and inadmissible pursuant to Fed. R. Evid. 402
and/or as the risk of unfair prejudice substantially outweighing
any probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to No. 12 September 11, 2006 academic record
of Kevin Parry (Camden-0325) as not relevant to any disputed
issue remaining and inadmissible pursuant to Fed. R. Evid. 402
and/or as the risk of unfair prejudice substantially outweighing
any probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to No. 13 September 12, 2006 Kevin Parry
Certification of Completion of Basic Course for Police Officers
(Camden-0327) as not relevant to any disputed issue remaining
and inadmissible pursuant to Fed. R. Evid. 402 and/or as the

risk of unfair prejudice substantially outweighing any probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to No. 14 September 12, 2006 oath of Kevin Parry as not relevant to any disputed issue remaining and inadmissible pursuant to Fed. R. Evid. 402 and/or as the risk of unfair prejudice substantially outweighing any probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to No. 15 Kevin Parry CPD Training File (Camden-0202 to Camden -0327) as not relevant to any disputed issue remaining and inadmissible pursuant to Fed. R. Evid. 402 and/or as the risk of unfair prejudice substantially outweighing any probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to No. 16 Daniel Morris CPD Training File (Camden-0328 to Camden -0358) as not relevant to any disputed issue remaining and inadmissible pursuant to Fed. R. Evid. 402 and/or as the risk of unfair prejudice substantially outweighing any probative value pursuant to Fed. R. Evid. 403.

Plaintiff objects to 21 May 29, 2009 State v. Forrest sentencing transcript as not relevant to any disputed issue remaining and inadmissible pursuant to Fed. R. Evid. 402 and/or as the risk of unfair prejudice substantially outweighing any probative value pursuant to Fed. R. Evid. 403.

**PART VI. EXPERTS**

The City of Camden intends to call Jack Ryan as an expert. His curriculum vitae, expert report and supplemental expert report are attached.

**PART VIII. LAW**

    A. <u>Plaintiff</u>

1. Was the unlawful arrest of Plaintiff the proximate result of a well-settled policy of unlawful arrest by police officers of the City of Camden pursuant to <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658(1978))?

2. Did the City of Camden fail to train, supervise, and investigate its officers and did such a failure amount to a deliberate indifference on the part of the City pursuant to <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658(1978))?

44

3. Did Plaintiff comply with the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq*, for his state law negligent supervision claim?

4. Was the City of Camden negligent in its supervision of Stetser and Parry and did such negligence proximately cause the unlawful arrest of Plaintiff?

B. <u>Defendant</u>:

1. Was the unlawful arrest of Plaintiff the proximate result of a well-settled policy of inadequate supervision by the City of Camden of its officers?

2. Was the unlawful arrest of Plaintiff the proximate result of a well-settled policy of inadequate training by the City of Camden of supervisors on confronting officer misconduct?

3. Did Plaintiff comply with the New Jersey Tort Claims Act for his state law negligent supervision claim?

4. Did the City of Camden negligently supervise Parry and Stetser, and if so, was the negligent supervision the proximate result of the unlawful arrest of Plaintiff?

5. Did Plaintiff suffer any injury pursuant to the New Jersey Tort Claims Act, N.J.S.A. §59:9-1 et seq. to recover under his state law negligent supervision claim?

**PART IX. MISCELLANEOUS**

1. Plaintiff intends to file motions *in limine* regarding limiting the scope of testimony of the July 1, 2008 incident as irrelevant and inadmissible pursuant to Fed. R. Evid. 402 because the trier of fact already found in favor of Plaintiff on his claim for false arrest.

2. Plaintiff intends to file motions *in limine* barring introduction of prior criminal convictions otherwise admissible pursuant to Fed. R. Evid. 609 as time barred by 609(b) as stale and/or as inadmissible pursuant to Fed. R. Evid. 403 as the unfairly prejudicial effect substantially outweights any probative value given that the remaining issue for retrial is the City of Camden's liability for the

45

constitutional violations by its police officers pursuant to
<u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658(1978).

3. Plaintiff intends to file motions *in limine* regarding
various objections to the scope of defendant's expert
testimony, various fact witnesses, and exhibits based on the
limited issues remaining in the instant matter and certain
witnesses being cumulative in nature.

4. The City of Camden intends to file motions *in limine*
regarding the various objections to witnesses and exhibits
referenced above. For the specific evidence the Third
Circuit deemed relevant, the City intends to file motions *in
limine* to bar the evidence under Fed R. Evid. 403.

5. The City of Camden also intends to file a motion *in limine*
regarding any recovery Plaintiff had in a State Court action
for his incarceration would serve as an off set to any
recovery.

**CONCLUDING CERTIFICATION**

We hereby certify by the affixing of our signatures to this Final Pretrial Order that it reflects the efforts of all counsel and that we have carefully and completely reviewed all parts of this Order prior to its submission to the Court. Further, it is acknowledged that amendments to this Joint Final Pretrial Order will not be permitted except where the Court determines that manifest injustice would result if the amendment is not allowed.


Attorney(s) for Plaintiff(s):          Attorney(s) for Defendant(s):


_____            */s/ Edward F. Kuhn, III*
Oliver T. Barry, Esquire               Edward F. Kuhn, III, Esquire



                              _____    5/10/2022
                              The Honorable Ann Marie Donio, U.S.M.J.
                              United States District Court
                              For the District of New Jersey

# John "Jack" Ryan

5235 Decatur Blvd
Indianapolis, Indiana   46241
Office (800) 365-0119
Cellular Phone: (401) 692-1555
FAX (317) 821-5096
Email:   jackryan2@cox.net

## EDUCATION

| | |
|---|---|
| 1990-1994 | Juris Doctorate, Cum Laude, Suffolk University Law School |
| 1986-1990 | Master of Science, Administration of Justice, Salve Regina University |
| 1981-1986 | Bachelor of Science, Administration of Justice, Roger Williams University |

## EMPLOYMENT

| | |
|---|---|
| 2002- | Police Practices Consultant, Trainer, Auditor |
| 2003- | Co-Director, Legal Liability Risk Management Institute |
| 1993-2002 | Adjunct Professor, Salve Regina University |
| | Administration of Justice Graduate Program |

Courses:
- Constitutional Issues in Law Enforcement
- Police Civil Liability
- Juvenile Justice
- Mental Health Law
- Managing Police Organizations
- Business Crime
- Contemporary Issues in the Administration of Justice

| | |
|---|---|
| 1982-2002 | Police Officer, Providence Police Department |
| 1982-1985 | Patrol Officer, Patrol Division |
| 1985-1987 | Patrol Officer, Tactical Division |
| 1987-1988 | Detective, Detective Division |
| 1988-1992 | Sergeant, Patrol Division |
| 1992-1995 | Lieutenant, Patrol Division |
| 1995-2000 | Director of Training |
| 1995-2001 | Department Public Information Officer |
| 1997-2001 | Captain, Administrative Staff Division |
| 1998-2001 | Director of Administration |
| 2001-2002 | Research and Policy |

\* As Director of Administration for the Providence Police Department-Supervisory
Responsibilities included:
- Administrative Staff
- Advisor to Chief of Police and Internal Affairs
- Fleet Operations
- Human Resource Bureau
- MIS
- Property/Evidence
- Prosecution Bureau
- Public Information Office
- Record Bureau
- Training Division

## PUBLICATIONS:

| | |
|---|---|
| 2013 | Law and Best Practices for Successful Police Operations, 12 High Risk Critical Tasks 3rd Edition |
| 2010 | Law and Best Practices for Successful Police Operations, 12 High Risk Critical Tasks 2nd Edition |
| 2008 | Recent Developments in the Use of Force, Excessive Force by Law Enforcement Touro Law Review, Vol. 24, Number 3 |
| 2008 | 25th Annual Section 1983 Civil Litigation, by Practicing Law Institute Video/Audio-The Unbiased Witnesses in Law Enforcement Litigation. Vol. 1, Section 8 |
| 2007 | Law and Best Practices for Successful Police Operations, 12 High Risk Critical Tasks That Impact Law Enforcement Operations and Create Exposure to Liability Litigation |
| 2006 | Legal & Liability Issues in SWAT, Emergency Response and Special Operations |
| 2006 | Law Enforcement Administrative Investigations, contributing author, Evidence Use and Control Chapter |
| 2005 | School Legal Update |
| 2005 | Critical Tasks in Law Enforcement, A Legal Guide for Officers and Supervisors (Annual) |
| 2005 | Arrest, Search & Seizure (Annual) |
| 2005 | Legal & Liability for Law Enforcement Negotiators |
| 2005 | Use of Force |
| 2004 | Law Enforcement Legal/Liability Update |
| 2003 | Civil Liability and Risk Management for Law Enforcement Agencies |
| 2003 | Case Law on Critical Tasks in Law Enforcement |
| 2003 | Legal Guide to Administrative Investigations |
| 2002 | Policy Development for Public Safety Agencies |
| 2001 | Legal and Liability Issues in Public Schools |
| 2000 | Rhode Island Law Enforcement Officers' Guide to Criminal Procedure |
| 2000 | Rhode Island Law Enforcement Officers' Bill of Rights, A Guide to Investigations and Hearings. |

## PUBLISHED ARTICLES:

| | |
|---|---|
| 2006 | Public Risk, Published by the Public Risk Management Association, January 2006, Vol. 21 No. 2 "A Continuing Story Taser Policies for Police Departments Continue to Evolve" pp. 14-17 |
| 2006 | Public Risk, Published by the Public Risk Management Association, March 2006, Vol. 21 No. 3 "Freeze" Off-Duty Firearms and Intervention: Avoiding Tragedy and Liability" pp. 16-18. |
| 2004 | Crime and Justice International May/June Vol. 20 No. 80 "High Speed Vehicle Pursuit" pp. 30-34; "Developing Trends in Stop & Frisk" p.35; "Fighting Words Directed at a Police Officer: Viability and Liability" pp.36-37 |
| 2004 | Crime and Justice International July/August Vol. 20 No. 81 "Law Enforcement Liability Issues-Agency or Individual Officer's Response to Misconduct by Others may Create Agency or Individual Liability" pp. 29-30. |
| 2004 | Public Risk, Published by the Public Risk Management Association, July 2004, Vol. 19 No. 6 "Handcuffs: How to Manage the Risk" pp.14-17. |
| 2003 | The Law Enforcement Trainer published by American Society of Law Enforcement Trainers, Volume 19, number 3  May/June "Training Liability In The Use Of Deadly Force" pp 24-28. |
| *** | Note: Articles published electronically on a weekly basis and archived- available at www.patc.com |

## AWARDS:

| | |
|---|---|
| 1999 | Salve Regina University, Alumnus, Distinguished Service Award |

| 1994 | American Jurisprudence Award, Trial Practice |
| 1992 | American Jurisprudence Award, Constitutional Law |
| 1991 | Moot Court Outstanding Performance Award |

## LAW ENFORCEMENT ACHIEVEMENT AWARDS:

| 1996 | Chief's Award, Off-Duty Shooting in Progress Arrest |
| 1987 | City Council Award, Off-Duty Breaking and Entering Arrest |
| 1986 | Rhea Archambault (Officer of the Year) Award |
| 1982-2002 | Over 35 Letters of Commendation |

## CONFERENCE PRESENTATIONS/TRAINING SESSIONS:

| 2012 | Sheriff's Association New Sheriff's Conference Legal Update and Best Practices For Sheriffs. |
| 2012 | Texas Commission Law Enforcement Officer on Standards and Education annual conference for Texas Trainers/ "Legal Issues for Law Enforcement Trainers" |
| 2012 | Practicing Law Institute- "Mass Protest" 29th Annual Conference Section 1983 Civil Rights Litigation |
| 2009 | Continued training programs for Public Agency Training Council throughout the United States to include, Policy Development and Implementation, Arrest Search & Seizure, Use of Force, Civil Liability Issues, Liability Issues for Narcotics Officers, Legal Issues for Tactical Operations, Liability Issues in Public Schools and Internal Affairs |
| 2009 | Georgetown Law Center/Civil Rights Litigation,  Session 1 "Strip Searches in Jails," Session 2 "Tasers" |
| 2008 | Texas Commission on Law Enforcement Standards and Education "Liability Management for Law Enforcement Trainers |
| 2008 | Association of American Law Schools Annual Conference- "Law Enforcement Policy and Training/Use of Force & Pursuit in the Aftermath of Scott v. Harris" |
| 2007 | Continued training programs for Public Agency Training Council throughout the United States to include, Policy Development and Implementation, Arrest Search & Seizure, Use of Force, Civil Liability Issues, Liability Issues for Narcotics Officers, Legal Issues for Tactical Operations, Liability Issues in Public Schools and Internal Affairs |
| 2007 | Georgetown Law Center/Civil Rights Litigation: Session 1 "Law Enforcement Policy and Training in Use of Force" ; Session 2: "Law Enforcement- the ADA and Persons of Diminished Capacity." |
| 2007 | South Dakota Annual Conference for Chiefs and Sheriffs-"Legal Update on High Liability Issues in Law Enforcement" |
| 2007 | Pennsylvania Chiefs of Police-"Legal Update on High Liability Issues in Law Enforcement" |
| 2007 | International Municipal Lawyer's Association Annual Conference- "Garrity and the Administrative Interview" |
| 2007 | Practicing Law Institute- "Use of Force" 24th Annual Conference Section 1983 Civil Rights Litigation |
| 2007 | 25th Annual Section 1983 Civil Litigation, by Practicing Law Institute Video/Audio-The Unbiased Witnesses in Law Enforcement Litigation. Vol. 1, Section 8 |
| 2006 | Continued training programs for Public Agency Training Council throughout the United States to include, Policy Development and Implementation, Arrest Search & Seizure, Use of Force, Civil Liability Issues, Liability Issues for Narcotics Officers, Legal Issues for Tactical Operations, Liability Issues in Public Schools and Internal Affairs |
| 2006 | Georgetown Law Center/Civil Rights Litigation "Police Misconduct" §1983 |
| 2006 | National Internal Affairs Investigators Association Annual Conference, Gatlinburg Tennessee "Use of Force and the Internal Affairs Process" |
| 2006 | Georgia Bar Association "ICLE", Atlanta Georgia "Evaluating Police Liability Claims" |
| 2005 | Legal and Policy Issues in the Use of Force- throughout United States |
| 2005 | Georgetown Law Center/ Civil Rights Litigation "Less-Lethal Force" |

3

| | |
|---|---|
| 2005 | Arrest, Search & Seizure, and Questioning-throughout United States |
| 2005 | Civil Liability and Risk Management in Law Enforcement-throughout United States |
| 2005 | Internal Affairs/Administrative Investigations- throughout United States |
| 2005 | PRIMA National Conference-Milwaukee "Use of Force" and "Critical Tasks in Law Enforcement" |
| 2005 | National Sheriff's Association Annual Conference-Louisville "Legal Issues in Administrative Investigations" |
| 2005 | National Leagues of Cities and Towns (Risk Consortium)-Seattle "Identifying Contemporary Risks in Law Enforcement Liability" |
| 2004 | Legal and Liability Issues in Public Schools, throughout United States |
| 2004 | Policy Development for Law Enforcement Agencies, throughout United States |
| 2004 | Civil Liability and Risk Management for Law Enforcement Agencies, throughout United States |
| 2004 | Legal Issues in Narcotics Operations, throughout United States |
| 2004 | Critical Legal Tasks for Patrol Officers, Illinois Mobile Training Unit |
| 2004 | Georgetown Law Center/Civil Rights Litigation-§ 1983 |
| 2004 | Rhode Island Bar Association Annual Conference- "Stop in the Name of the Law" |
| 2004 | Oklahoma Attorney General's Annual Conference "Policy Summit" Policy session for Police Executives |
| 2004 | Texas Commission Law Enforcement Officer on Standards and Education annual conference for Texas Trainers/ "Legal Issues for Law Enforcement Trainers" |
| 2003 | Legal and Liability Issues in Public Schools, throughout United States |
| 2003 | Policy Development for Law Enforcement Agencies, throughout United States |
| 2003 | Civil Liability and Risk Management for Law Enforcement Agencies, throughout United States |
| 2003 | Advanced Internal Affairs, Myrtle Beach, SC, Las Vegas, NV. |
| 2003 | Georgetown Law Center/Civil Rights Litigation-§1983 |
| 2003 | Georgia Internal Affairs Investigators Annual Conference |
| 2003 | Tennessee Chiefs' Association Conference Training |
| 2003 | Alaska Chiefs' Association/FBINAA Executive Development Conference |
| 2003 | Office of Corporation Counsel/Metropolitan Police, Washington D.C. |
| 2003 | International Law Enforcement Educators and Trainers Association Annual Conference/Chicago "Trainers and Use of Force Liability" |
| 2002 | Legal and Liability Issues in Public Schools, throughout the United States |
| 2002 | Policy Development for Public Safety Agencies, throughout the United States |
| 2002 | International Association of Law Enforcement Planners National Conference |
| 2002 | National Internal Affairs Investigators Association National Conference |
| 2001 | Legal Issues in Use of Force Seminar, Salve Regina University |
| 2001 | Advanced Internal Affairs Seminar, Las Vegas |
| 2000 | Police Misconduct/Racial Profiling, Georgetown University Law Center |
| 2000 | International Crime Prevention, University of Warwick, UK. |
| 2000 | Criminal Procedure Update Seminar, Salve Regina University |
| 1999 | Law Enforcement Officers' Bill of Rights Seminar, Salve Regina University |
| 1998 | Police Media Relations Seminar, Salve Regina University |
| 1997 | Police Civil Liability Seminar, Salve Regina University |
| 1995 | Basic Training for Detectives, Rhode Island State Police |
| 1993 | Search and Seizure in Schools, Rhode Island Legal/Educational Partnership |

## CURRICULUM DEVELOPMENT:

| | |
|---|---|
| 2005 | Jail Liability Issues |
| 2005 | Arrest, Search & Seizure, and Questioning |
| 2004 | Legal Issues/ Case Law Update for Narcotics Investigators |
| 2004 | Legal and Liability Issues for Tactical Commanders |
| 2004 | Investigation of Officer Involved Shootings |
| 2003 | Legal Issues in Administrative Investigations |
| 2003 | Civil Liability and Risk Management for Law Enforcement Agencies |

4

| 2002 | Policy and Procedure for Law Enforcement Agencies |
| 2002 | Legal and Liability Issues in Public Schools |
| 1993 | Graduate Course, Police Civil Liability |
| 1993 | Providence Police Academy Entry-Level, 22 Week Program Revamp |

**SPECIALIZED LAW ENFORCEMENT TRAINING**

Law Enforcement Instructor Development, Federal Bureau of Investigation
Advanced Tactical Management, Prince William County Criminal Justice Academy
Emergency Services Media Relations, Old Dominion University
Rights of Police Officers, Labor Relations Information System
High Performance Police Management, Police Management Association
Crime Prevention for Administrators, National Crime Prevention Institute
Effective Speaking and Human Relations, Dale Carnegie Inc.

**PROFESSIONAL AFFILIATIONS:**

Rhode Island Bar Association
Fraternal Order of Police
Providence Police Association
International Municipal Lawyers Association

**ADMITTED TO PRACTICE OF LAW:**

State of Rhode Island, November 1994
District of Rhode Island Federal Court, June 1995

**VOLUNTEER ORGANIZATIONS:**

Northern Rhode Island Vikings Junior Hockey Association, President 2002-2004
Northern Rhode Island Vikings Junior Hockey Association, Board Member 1998-2003

**CASE CONSULTATIONS:**

June 2002: Estate of Weibel, New Hampshire, Retained (Plaintiff)
December 2002: McGowan v. Siomos, CA NO. 00-40113-NMG (Mass. Fed. Dist. Ct.) (Testimony) (Plaintiff)
June 2003: Parker v. Swansea et al., CA NO. 01-10063NG,( Mass. Fed. Dist. Ct.) (Testimony) (Plaintiff)
July 2003: Gilbert v. Atkinson et al., CA NO. 1:03-CV-108-3 (GA. Fed Dist. Ct. Middle Dist.) (Retained) (Defendant)
October 2003: Neal v. Pinellas County et al., CA NO. 8:03-CV-247-T-17MAP (Fla. Fed Dist. Ct. Tampa Div.) (Retained) (Defendant)
December 2003: Hickey v. NYPD et al., (N.Y. Fed. Dist. Southern) (Deposed) (Plaintiff)
December 2003: Mills v. Merrimack et al., Index # 01CV6506 (N.H. Fed. Dist. Ct.) (Retained) (Plaintiff)
March 2004: Richman v. City of Anacortes, NO. C03-2559 (Washington Fed. Dist. Ct. Western Dist. At Seattle) (Retained) (Defendant)
July 2004: Brown v. City of McDonough GA. Et al., NO. 1 03 CV 2699 (GA. Fed. Dist. Ct. Northern District, Atlanta Division) (Deposed) (Defendant)
May 2005: Graham v. Bennett et. al. No. 04-2136, (Ill. Fed Dist. Central Dist. Urbana). (Retained) (Defendant)
June 2005: Taylor v. Ohio State Patrol, No. 2004-07891 (Court of Claims Ohio) (Testimony) (Defendant)
July 2005: Reis v. Delaware Port Authority, No. CAM-L-4988-03 (Superior Court of New Jersey) (Retained) (Defendant)
July 2005: Schneider v. Franklin County Ohio (Deposed) (Plaintiff)
August 2005: White v. Nault, CIVIL ACTION NO.3:02CV1589 (WWE) (Retained) (Plaintiff)

September 2005: Kesser v. City of Miami, Case No. 04-22608 CIV Jordan/Brown (U.S. Dist. Ct. Southern District of Florida) (Retained) (Defendant)

November 2005: Aroneo v. Ferraioli, Morris County Police, Docket No. MRS-L-1946-03 (Superior Court of New Jersey Law Division: Morris County (Retained) (Defendant)

January 2006: Atwood v. Nieliwocki et al., Civil Action No.3:05CV-0248 (JBA) (Connecticut Federal District Court) (Testimony) (Plaintiff)

January 2006: O'Brien v. City of Pembroke Pines, et al., (Deposed) (Defendant)

February 2006: In the Matter of Detective Cooke, Disciplinary Hearing, Sheridan Wyoming. (Testimony) (City).

April 2006: Martin v. Kent, (Case No. : 24-C-05-005960) Circuit Court for Baltimore City (Retained) (Defendant).

April 2006: Matter of Reyes, Georgia (Defendant)

May 2006: Ripley v. City of Lake City, Florida, (Deposed) (Defendant), Civil Action NO: 3:04-cv-1328-J-16MCR

May 2006: Torres v. Love, (Deposed) (Plaintiff) U.S. District Court, District of New Jersey, Civil Action NO. 04-cv-2233 (FLW)

May 2006: Olson v. Pelkey, (Retained) (Plaintiff) U.S. District Court, District of Minnesota, Case No. 05-1189 MJD/FLN

June 2006: Williams v. City of Champaign, (Retained) (Defendant) U.S. District Court, Central District of Illinois Case No. 04-2150

July 2006: Conn v. City of Reno, (Retained) (Defendant) U.S. District Court, District of Nevada Case No. CV-N-05-0595-HDM-VPC

September 2006: Parker v. City of South Portland, (Testimony) (Plaintiff), U.S. District Court, Maine, Case No. CV-06-129-GZS

October 2006: MP & Patel et al., v. City of Spartanburg (Deposed) (Testimony)

October 2006: Estate of Brutsche et al. v. King County et al., (Retained) (Plaintiff) United States District Court, Western District of Washington/Seattle, Case No. CV05-15382

October 2006: Sharp v. Fischer et al., (Deposed) (Defendants), U.S. District Court, Southern District of Georgia/Savannah, Case No. CV406-020

October 2006: Meir v. McCormick, (Testimony) (Plaintiff), U.S. District Court, Minnesota, Case No. 06-190 (ADM/JSM)

October 2006: Montiel v. Liepold, (Testimony) (Plaintiff), U.S. District Court, Minnesota, Case.No. 06-331 (JNE/JJG)

December 2006: Banks v. City of Hampton, (Retained) (Defendant), Clayton County Superior Court, GA.

December 2006: Ecxford v. City of Zion, et al., (Deposed), (Defendant),  Circuit Court of Illinois, Lake County, No. 05 L 855

January 2007: State of New Jersey v. Gillespie, (Testimony), (Defendant), Superior Court Gloucester County, Indictment 06-0300268

January 2007: Estate of Joseph Kovack v. City of Philadelphia, U.S. District Court for the Eastern District of Pennsylvania

March 2007: Rauen/Hartman v. City of Miami, (Retained) (Defendant), U.S. District Court, Southern Dist. Florida, CA No. 06-21182-CIV-JORDAN

March 2007: Bryan v. Las Vegas Metropolitan Police Department, (Deposed) (Defendant), U.S. District Court, District of Nevada, Case No. 2:06-cv-1103-KJD-PAL

March 2007:  Estate of Cruz v. City of Camden, et al, CA No. 06-cv-1809; Agosto v. City of Camden et al, CAM-L-5454-06; Roman-Santiago v. City of Camden, CAM-L-5458-06 (Retained) (Defense) (New Jersey State Court) [Same Event-three filings]

March 2007: Wilson v. City of College Park, CA No. 2007EV001667B (Deposed) (Defense) (Georgia State Court)

April 2007: Johnson v. Tousignant, U.S. Dist. Of Vermont, CA 1:06- cv-128 (Retained) (Defense)

March 2007: Lee v. City of Franklin, U.S. Dist., Northern Dist. GA., CA 3:06-CV-127-JTC (Retained) (Defense)

May 2007: Rider et al v. City of Oakland et al., U.S. Dist. Northern Dist. CA., CA. No.
C-05-03204-MHP (Retained) (Plaintiff)
May 2007: Carangelo v. Sliders et al., Superior Court of Connecticut, No. 04-183054 S
(Testimony) (Plaintiff)
June 2007: Andrews v. City of Douglasville, Superior Court of Douglas County, GA.,
CA. No. 07CV00558 (Retained) (Defense)
June 2007: Navratil v. Johnson, U.S. Dist. Minnesota, CA. No. 06-2613-ADM-AJB
(Retained) (Plaintiff)
June 2007: Baker v. Harper, et al., U.S. Dist. GA., CA. No. 1:06-CV-1421 (Deposed)
(Defense)
July 2007: Krout v. City of Russellville, U.S. Dist. (Eastern Dist./Western Division)
Arkansas, CA. No. 4-06-CV-01294 JLH (Deposed) (Defense)
July 2007: Town v. Thelen, U.S. Dist. Minnesota, CA. No. 06-3113 PAM/RLE
(Retained) (Plaintiff)
July 2007: Wade v. Colaner, U.S. Dist., New Jersey, CA. No. 06-3715 (Testimony)
(Defense)
July 2007: Marshall v. Reno Police Department et al., U.S. Dist. Nevada, CA. No. 3:07-
cv-00222-ECR-RAM (Retained) (Defense)
August 2007: Myers v. City of Orangeville (Testimony) (Defense)
November 2007: Stockton v.Auren et al., U.S. Dist. Minnesota, CA. No. 07-556
(JRT/FLN) (Retained) (Plaintiff)
December 2007: Cundiff v. Postel, U.S. Dist. E.D. Tennessee, C.A. No. 3:06-CV-437
(Retained) (Defense)
December 2007: Scott v. Town of Brattleboro, U. S. District Court District of Vermont,
C.A. No. 1:07-cv-233-jgm (Retained) (Defense)
January 2008: England v. LVMPD, et al, U. S. District Court District of Nevada, CA No.
2:07-cv-01238-PMP-GWF (Testimony) (Defense)
January 2008: Estate of Peyton Strickland v. New Hanover County Sheriff's Dept
(Retained) (Defense)
January 2008: Taylor, et al v Deputy Scott Wood, et al (Retained) (Defense)
January 2008: Costales v White, et al, U. S. District Court District of New Mexico, CA
No.07-CV-00827(Retained) (Defense)
February 2008: Saiz v Bernalillo County, et al, U. S. District Court District of New
Mexico, CIV 07 790 JAP/LFG (Testimony) (Defense)
February 2008: Mahoney v Miller, U. S. District Court District of Minnesota, Case No.
07-CV-1851 (JNE/SRN), (Retained) (Plaintiff)
February 2008: Hoke v Municipal City of Tempe, AZ, Superior Court of the State of
Arizona in and for the County of Maricopa, CV2007-052506 (Retained) (Defense)
February 2008: Smith v LVMPD, U. S. District Court District of Nevada,
2:07-cv-1194-JCM (GWF) (Retained) (Defense)
March 2008: Williamson v Grant, et al, U. S. District Court, District of Maryland,
Baltimore, CA No.: CCB-07-CV1147, (Retained) (Defense)
April 2008: Crowell & Kilmurray v Kirkpatrick, U.S. District Court District of Vermont,
2:2008cv00055, (Retained) (Defense)
April 2008: Liddy, et al. v. City of Los Angeles, California District Court,
2:2005cv05697, (Retained) (Defense)
April 2008: Michael Ross v. The City of Las Cruces, et al., District Court Dona Ana,
New Mexico, No.CV-2007-1688, (Testimony) (Defense)
April 2008:Ahmed Ahqeirat, et al. U.S. Airways Group, Inc., et al. U.S. Court District of
Minnesota,  No. 07-CV01513 (ADM/AJB) (Retained) (Defense)
April 2008: Paul Wayne, et al. v. Bernalillo County, et al. US District Court for the
District Court of New Mexico, No. CIV-07-1255 BB/RLP, (Retained) (Defense)
April 2008: Boria v. Bowers, et al, U.S. District Court for the Eastern District of
Pennsylvania, No.06-4384, (Retained) (Defense)
April 2008: Walker v. Las Vegas Metro Police Department, U.S. District Court District
of Nevada, No.2:07-cv-00740-PMP-LRL, (Retained) (Defense)

June 2008: Kasilyan v. Las Vegas Metro Police Department, U.S. District Court For the District of Nevada, Case No. 2:08-CV216-PMP-RJJ, (Retained) (Defense)

July 2008: Jeffery Keating, et al. v. City of Fort Lauderdale, et al. U.S. District Court for the Southern District Of Florida Miami Division, Case No.07-CV-23005-MARTINEZ/Brown, (Retained) (Defense)

July 2008: Jeffery Keating, et al. v. City of Miami, et al. U.S. District Court for the Southern District Of Florida Miami Division, Case No.07-CV-23005-MARTINEZ/Brown, (Retained) (Defense)

July 2008: Kiri Walker, et al., v. Marshallville, Georgia, et al., U.S. District Court Middle District of Georgia Macon Division, No.5:07-CV-476-CAR (Retained) (Defense)

September 2008: State Of New Jersey v. David Romeo, Superior Court of New Jersey Cape May County Law Division, Indictment No. 08-08-00654-1(Testimony) (Defense)

September 2008: Ronald T. Whitaker v. Springettsbury Township, US District Court For The Middle District OF Pennsylvania, No. 08-627(Retained) (Defense)

October 2008: Keating v. Broward Sheriff Al Lamberti and John Brooks, et al. U.S. District Court Southern District of Florida Case No. 07-23005-CIV-MARTINEZ/BROWN (Retained) (Defense)

October 2008: Unseld Nance, Sr., et al., v. Erik Sammis, et al., U.S. District Court Eastern District of Arkansas, Case No. 3:07CV00119 BSM (Testimony) (Defense)

October 2008: George Spicka v. Corporal Stewart, et al., Circuit Court for Baltimore City, Case No. 24-C-07-009474 OT (Retained) (Defense)

October 2008: Nicholas Goblirsch v. Jay Castonguay, et al. U.S. District Court For The District of Minnesota, Case No. 08-CV-764 RHK/JJK (Retained) (Plaintiff)

October 2008: AFL-CIO, et al. v. City of Miami, et al., U.S. District Court Case No. 07-22966-Civ-Ungaro (Retained) (Defense)

October 2008: Cara Jennings, et al. v. City of Miami, et al. U.S. District Court, Case No. 07-23008-Civ-Martinez (Retained) (Defense)

October 2008: George Griffin, Jr., v. City of Rutland, and Edward Dumas, U.S. District Court, Rutland Superior Court, Docket No. 658-8-08 Rdcv(Retained) (Defense)

October 2008: Kevin Farnan v. Eric Howley, Brian E. Turner, Scott E. Gaboury, Jason Noblet and Unnamed Law Enforcement Officers, Bennington Superior Court, Vermont No. 287-8-08Bncv(Retained) (Defense)

November 2008: Kevin Cobbs and Marlana Fichtner v. David Clements and Ethan Thibault, Vermont District Court No. 5941-11-05 Cncr (Retained)(Defense)

November 2008: Linda Davis v. Christopher Lora, U.S. District Court For The District of Vermont, Civil Case No.2:07-cv-00248-wks (Retained) (Defense)

November 2008: William Enos v. Richard King, U.S District Court For The District of Vermont, Civil Case No.2.08-cv-208 (Retained) (Defense)

December 2008: Natividad Hernandez v. City of North Miami Beach, FL, U.S. District Court For The Southern District Of Florida Miami Division (Retained) (Defense)

December 2008: Sandria Lewis v. Brandon Thomason and City of Rockport, AR, U.S. District Western District of Arkansas Hot Springs Division (Testimony) (Defense)

February 2009: Lois Alvarado v. Rene Rivera, et al., U.S. District of New Mexico, Case No. CV 08-1116 RLP/ACT (Retained) (Defense)

February 2009: Darwin Gerdes v. Ron Myers, et al., U.S. District Court District of Minnesota, Case 0:08-cv-00557-MJD-RLE (Retained) (Plaintiff)

February 2009: Betty D. Golden v. City of Centerville, et al., U.S. Superior Court of Bibb County, Georgia, Civil Action No. 07-CV-46648 (Retained) (Defense)

March 2009: Jennifer Setters v. City of Wasilla, Wasilla Police Department, et al. U.S. District Court for the District of Alaska, Case No.:3AN-0808743CI (Retained) (Defense)

April 2009: Eldridge Chatman v. Craig Taylor, U.S. District Court District of Minnesota, Case No. 08CV 6097 RHKIFLN (Retained) (Plaintiff)

April 2009: Anthony Bevis v. City of Sandy Springs, et al., State Court of Fulton County State of Georgia Civil Action No. 2008EV006230C (Deposed) (Defense)

May 2009: James Needham v. Tony Petrie and Beltrami County, U.S. District Court For The District of Minnesota, Case No. 08-CV-5389 (MJD-RLE) (Retained) (Plaintiff)

8

June 2009: Gary King, Jr. v. City of Oakland, U.S. District Court Northern District Of California, No. C-082394 SBA (Retained) (Plaintiffs)

June 2009: Richard Allen Perez, Jr., v. City of Henderson, et al., U.S. District Court District of Nevada, Case No. 2:09-cv-00453-JCM-LRL (Retained) (Defense)

June 2009: Juanita L. Estrada v. The City of Las Cruces, U.S. District Court For The District Of New Mexico, No. CIV 09-10/RBCG (Retained) (Defense)

July 2009: The Estate of Leeroy Hickman, Jr. v. Blount County, Tennessee et al, In The Circuit Court For Blount County, Tennessee, No. L-16557 (Deposed) (Defense)

July 2009: Claude Zain McCollum v. Rodney Bahl et al. U.S. District Court For The Western District Of Michigan, Southern Division, Case No. 08-cv-00096 (Retained) (Defense)

July 2009: Margaret Geier v. Butler County, Ohio, et al., Court of Common Pleas Hamilton County Ohio, Case No. A0807995 (Deposed) (Defense)

July 2009: Georgina Colmenero v. County of Bernalillo, U.S. District Court for The District Of New Mexico, 2008-CV-1112LH/LFG (Retained) (Defense)

July 2009: Dennis Sisneros v. County of Bernalillo, U.S. District Court For The District Of New Mexico, No. 1:09 CV-00213-JB-ACT (Testimony) (Defense)

September 2009: Carol Ann George v. The County of Santa Barbara, et al, U.S. District Court, Central District of California, Case No. CV09-2258CBM (AGRx) (Deposed) (Defense)

September 2009: Tracy Grant Administratrix of the Estate of Randall Pagano v. Township of Bristol, et al., U.S. District Court for The Eastern District Of Pennsylvania, Case No. 09 1580 (Retained) (Defense)

October 2009: Jamie Mercer Handy v. Charter Township of Raisin, et al, U.S. District Court, Case No. 2:09-cv-10118 (Retained) (Defense)

November 2009: Rene Mader-Font, et al. v. M. Rael, U.S. District Court for the District of New Mexico, CV-2009-517 (Retained) (Defense)

November 2009: Timothy M. Andozola v. Chris Romero, The County of Bernalillo, et al. U.S. District Court For The District of New Mexico, CIV-09471 ACT/RHS (Retained) (Defense)

November 2009: Jeff Gillman v. Douglas Schlagetter, et al. U.S. District Court Southern District of Ohio Western Division at Dayton, Case No. 3:08-cv-0454 (Retained) (Defense)

November 2009: Toni Hayes, as Conservator of Tony Tillman, et al. v. City of Taylor, et al. Circuit Court of the County of Wayne, Michigan, Civil Action No. 08-015958-NI (Deposed) (Defense)

November 2009: Karim El-Ghazzawy v. Kay Berthiaume, et al. U.S. District Court District of Minnesota Civil Case No. 09-CV-372 (RHK/AJB) (Retained) (Plaintiff)

December 2009: Joshua Bailey, et al. v. DeKalb County, et al. DeKalb County State Court, Civil Action File No. 08A94489-3 (Deposed) (Defense)

January 2010: Samuel Mullet, et al. v. Jefferson County Sheriff's Department, et al. U.S. District Court, S.D of Ohio, Eastern Division, Case No. 2:08-cv-857(Retained) (Defense)

February 2010: Estate of Anthony "Tony" Forgione, et al. v. Fort Walton Medical Center, Inc., et al. Circuit Court Of The First Judicial Circuit In And For Okaloosa County, Florida, Case No. 09-CA-2700-S-TR (Deposed) (Defense)

March 2010: Eugenia Elliott v. City of Jeffersontown, et al., Jefferson Circuit Court, Case No. 09-CI-06610 (Retained) (Defense)

March 2010: Angelicka Serna v. Bernalillo County, et al., U.S. District Court For The District Of New Mexico, No.: CIV 09-1061 WPL/WDS (Retained) (Defense)

March 2010: Candice N. Dempsey, et al., v. City of, et al., U.S. District Court Eastern District of Kentucky Central Division at Frankfort, Civil Action No. 3:09-CV-00033-DCR (Deposed) (Defense)

March 2010: James Gray v. Village of Middleport, et al., U.S. District Court Southern District Of Ohio Eastern Division, Case No. 2:09-cv-00868 (Retained) (Defense)

9

March 2010: Myron Williams (Est. Of Brenda Williams) v. City of Scranton, et al., U.S. District Court For The Middle District Of Pennsylvania, No. 3:10-CV-388 (Retained) (Defense)

April 2010: Cosetta R. Morris v. Adam Bailey, acting in his individual capacity as a St. Paul Police Officer, U.S. District Court District of Minnesota, Case No. 09-1060 (ADM/AJB) (Retained) (Plaintiff)

April 2010: Noel Armstrong III v. Det. Sgt. Victor J. Sherman, et al., U.S. District Court for the District of New Jersey Camden Vicinage, Civil Action No.:09cv716(AET) (Testimony) (Defense)

May 2010: Sarah Harris, et al., v. King County, Pierce County Superior Court, Washington, No: 10-2-05484-2 (Deposed) (Defense)

May 2010: Hui Qin Deng/Daechull Chung v. LVMPD et al., US District Court District Of Nevada, Case 2:10-cv-00277-PMP-RJJ (Testimony) (Defense)

May 2010: Susan Zeller v. NJ State Police, et al., Superior Court Of New Jersey, Docket no. MON-L-5972-07 (Retained) (Defense)

June 2010: Jill Ann Kelly v. Jon Napper, et al., U.S. District Court District Of Minnesota, Case No. 0:09-CV-2791 (JRT/FLN) (Deposed) (Plaintiff)

June 2010: Rosemarie Maines v. City of McDonough, Georgia, et al., U.S. District Court Northern District Of Georgia Atlanta Division, Civil Action No. 1:09-CV-3559-WSD (Retained) (Defense)

August 2010: Ronald Romero v. Las Vegas Metropolitan Police Department, et al., U.S. District Court District of Nevada, Case No. 2:10-cv-00537 (Retained) (Defense)

August 2010: Erika Hall as Guardian of the person and property of Charles E. Hall v. City of Aventura, et al., In The Circuit Court Of The Eleventh Judicial Circuit In and For Miami-Dade County, Florida, Case No. F09-25476A (Retained) (Defense)

August 2010: John Sorensen v. David McLaughlin, U.S. District Court for the District of Minnesota, Case No. 09-cv-02842 JRT/JJK (Retained) (Plaintiff)

September 2010: Jeffery Steven Scheib v. Gregory Boderck, Individually; James Berrong, Individually; and Blount County, Tennessee, U.S. District Court For The Eastern District Of Tennessee At Knoxville, No. 3:07-cv-446 (Retained) (Defense)

October 2010: Patrick Reid v. Felix Valdez, et al., U.S. District Court for the District of New Mexico, No. CV-10-335 BB/ACT (Retained) (Defense)

October 2010: David Twedt v. Adam Dupic and the City of Canton, U.S. District Court District of South Dakota Southern Division, CIV. 10-4028 (Testimony) (Defense)

November 2010: Raymond Castillo v. City of Oakland and Officer Bryant Ocampo, U.S. District Court Northern District of California, Case No. C09-04679 PJH (Deposed) (Plaintiff)

November 2010: Estate of John R. Baptie, et al., v. Jonathan Bruno, et al., State of Vermont Rutland County, Superior Court, Docket No. 235-3-09 Rdcv (Retained) (Defense)

December 2010:Charlene DeFreese and Emil Mann, Jr., et al. v. Chad Walder, et al., Superior Court of New Jersey Law Division Bergen County, Case No. BER-L-283-07 (Testimony) (Defense)

January 2011: Rosie Chatt and Dewayne Chatt, Jr, Individually and as Co-Administrators in the Estate of Dewayne Chatt, Sr., deceased, v. City of West Memphis, Arkansas, et al., U.S. District Court Eastern District of Arkansas, Jonesboro Division, Case No. 3:10-cv-0119 SWW (Retained) (Defense)

January 2011: Wanda Johnson, Oscar J. Grant III, et al. v. Bay Area Rapid Transit District, et al., U. S. District Court Northern District of California, Case No. C09-00901 MHP (Testimony) Plaintiff)

February 2011: Richard Greenberg v. New Jersey State Police, et al., Superior Court of New Jersey Law Division, Burlington County, Docket No. BUR-L-552-09 (Retained) (Defense)

March 2011: LaShonda Fentress, et al., v. Brandon Lee Jessie, City of Radcliff Samuel Taylor, et al., Hardin Circuit Court, Civil Action Number 10-CI-02747 (Deposed) (Defense)

10

March 2011: Delia Hernandez et al., v. Manuel (Manny) Frais, Isaiah Baker, John and Jane Does I-IV, City of Las Cruces, et al., U.S. District Court for the District of New Mexico, No. CIV 2010-351 JB/GBW (Retained) (Defense)

April 2011: Lennie J. Bushey v. City of Burlington Police Department, et al., U.S. District Court for the District of Vermont, Civil Case No. 2:09-cv-232 (Retained) (Defense)

April 2011: Kristina Wildeveld-Coneh v. Las Vegas Metropolitan Police Department, et al., U.S. District Court District of Nevada, Case No.2:10cv983-RLH-PAL (Retained) (Defense)

April 2011: Kelley S. O'Brien v. Robert Barrows, et al., U.S. District Court for the District of Vermont, Civil Case No. 1:10-cv-173 (Retained) (Defense)

May 2011: Denise Brown v. Sate of New Jersey, et al., Superior Court of New Jersey Cumberland County Law Division, Docket No: CUM-L674-09 (Testimony) (Defense)

May 2011: Efrain Velasquez, et al., v. City of El Paso, et al., In the US District Court for the Western District, Cause No: EP 10 CV 0457(Retained) (Defense)

June 2011: Fletcher DeWolf II, v. Sgt. Michael F. Lewis, individually and officially, and Town of Bristol., U.S. District Court for the District of New Hampshire, Civil Action No. CV:2009 (Retained) (Defense)

June 2011: Garressa Smith, et al., v. City of Camden, et al., US District court for the District of New Jersey Camden Vicinage, Case No.1:08-cv-04417-JEI-KMW (Retained) (Defense)

June 2011: Lucia Guerrero, et al., v. City of El Paso, et al., In the US District Court for the Western District, Cause No. EP-11CV-0101(Retained) (Defense)

July 2011: Elizabeth Ivy v. John "Jack" O'Connor, Trevor Whipple, South Burlington Police Department & City of South Burlington, U.S District Court in Burlington, Vermont., Civil Case No. 5:11-cv-00162 (Retained) (Defense)

July 2011: Daniel White v. Castle, Ruffner, Robinson, Town of Quantico, U.S. District Court, Eastern District of Virginia, Alexandria Division, Case No. 1:11-cv-00316-AJT-IDD (Retained) (Defense)

August 2011: Roque Dominguez v. City of Harvey, et al., In the Circuit Court of Cook County, Illinois County Department, Law Division, Case No. 2008 L 000931 (Deposed) (Defense)

August 2011: Perry Tucker, et al. v. Salt Lake City Corp., U.S. District Court for the District of Utah, Central Division, Case No. 2:11-cv-00252-SA (Retained) (Defense)

August 2011: Curtis Shafer v. City of Boulder City, et al,. U.S. District Court for the District of Nevada, Case No. 2:10-cv-02228-KJD-GWF (Retained) (Defense)

August 2011: Jeffrey Moldovan v. City of Warren, et al., U.S. District Court Eastern District of Michigan, Case No. 1:08-cv-289 JL (Retained) (Defense)

August 2011: Christopher Van Vorst v. New Jersey State Police et al., U.S. District Court for the District of New Jersey, Civil Action No. 3:10-CV-03926-AET-DEA (Retained) (Defense)

August 2011: State of New Jersey v. Kevin Still, et al., Indictment No. 09-07-00616-IA (Testimony) (Defense)

August 2011: Kevin Garcia v. State of New Jersey, et al., Superior Court of New Jersey Law Division, Morris County, Doc. No. MRS-L-003676-10 (Retained) (Defense)

September 2011: Amber Becker v. City of Henderson, et al., U.S. District Court District of Nevada, Case No. 2:10-cv-00274 (Retained) (Defense)

September 2011: Amelia Eberle v. Bernalillo County, et al. U.S. District Court for the District of New Mexico, Case No. 11-cv141 KMB/WDS (Deposed) (Defense)

October 2011: Micke Craft v. City of East Peoria, et al., U.S. District Court For The Central District of Illinois Peoria Division, Case No. 10 c 1404 (Retained) (Defense)

October 2011: Antoinette Bennett-Jones v. Scott R Graham and Town of Williston, U.S. District Court District of Vermont, Case Number: 5:11-CV-00151 (Retained) (Defense)

October 2011: Lena Williams v. Jeffrey Deal, et al. U.S. District Court Southern District of Georgia Dublin Division, Civil Action No.: 3:11-cv-00061-DHB-WLB (Retained) (Defense)

November 2011: Ralph Eldridge v. City of Warren, et al., U.S. District Court Eastern District of Michigan Southern Division, Case No.: 2:10-cv12893-JAC-PJK (Retained) (Defense)

November 2011: Gerry Hummell, et al., v. The City of Las Cruces, et al., U.S. District Court for the District of New Mexico, Case 1:11-cv-00765 (Testimony) (Defense)

November 2011: Deidre L. Crabtree, et al., v. Timothy Cotril., et al., U.S. District Court for the Southern District of Ohio Eastern Division, Case No.: 2:11CV0028 (Retained) (Defense)

November 2011: Katherine Marie Liend v. Bradley Allen, U.S. District Court District of Minnesota, Case No. 11-cv-256(JNE/JSM) (Retained) (Plaintiff)

November 2011: Lucia Esmeralda Oporto, et al., v. The City of El Paso, Texas, et al., U.S. District Court for the Western District of Texas El Paso Division, Case No. EP-10-CV-0110(KC) (Retained) (Defense)

November 2011: Carol Plummer, et. al., v. William Lake, et. al., Commonwealth of Kentucky 13th Judicial District Garrard Circuit Court, Civil Action No. 09-CI-00450 (Retained) (Defense)

November 2011: Larry Smith as Trustee for the Heirs and Next of Kin of David Cornelius Smith v. Timothy Gorman and Timothy Callahan and the City of Minneapolis, U.S. District Court District Of Minnesota, Civil No. 11-CV-03071 (SRN/JJK) (Retained) (Plaintiff)

November 2011: Evie Oquendo, et al., v. Las Vegas Metropolitan Police Department, et al, U.S. District Court of Nevada, Case No. 2:11-cv-00698-RCJ-PAL (Retained) (Defense)

November 2011: Terry Stadler, et al. v. The City of Phoenix, et al. U.S. District Court for the District of Arizona, Case No. CV10-1072-PHX-SRB (Deposed) (Defense)

December 2011: David Maxson v. Zane Seipler, et al., U.S. District Court Northern District of Illinois, Case No.: 07-CV-05197 (Deposed) (Defense)

December 2011: Stephen Torres v. City of Albuquerque, et al., Second Judicial District County of Bernalillo State of New Mexico, No. CV 2011-06551 (Retained) (Defense)

January 2012: William Spiess et al., v. Pocono Mountain Regional Police Department et al., U.S. District Court Middle District of Pennsylvania, No. 3:CV-10-0287 (Retained) (Defense)

January 2012: Maryann Simonelli v. Mt. Snow LTD, et al., State of Vermont Windham County, SS Windham District Court, Docket No. 403-4-10 Wmcr (Retained) (Defense)

February 2012: Ginger Katenmoyer v. Camden Police Department, et al., U.S. District Court of the District of New Jersey, Civil Action No. 08-cv-01995-RBK-JS (Deposed) (Defense)

February 2012: Karin Woodruff v. Kathy O'Kelly, et al., U.S. District Court Western District of Arkansas, Case No. 11-05089-JLH (Retained) (Defense)

February 2012: Jerry Hartrim v. Las Vegas Metropolitan Police Department, et al., U.S. District Court State of Nevada, Case No: 2:11-cv-00003-RLH-PAL (Retained) (Defense)

March 2012: Curtis Lee Wimberly v. City of Henderson, et al., U.S. District Court District of Nevada, Case 2:10-cv-01414-LDG-LRL (Retained) (Defense)

April 2012: Bret Cornell v. City and County of San Francisco, et al., Superior Court of the State of California County of San Francisco Case No. CGC-11509240 (Testified) (Plaintiff)

April 2012: Michael Cristini v. City of Warren & Donald Ingles et al., U.S. District Court Eastern District of Michigan Southern Division, Case No.:2:07-cv-11141-DML-VMM (Retained) (Defense)

April 2012: Joshua James Jordahl v. City of Madison Police Department, et al., State of South Dakota County of Lake, CIV. 10-288 (Retained) (Defense)

April 2012: Amy Leichtenberg v. City of LeRoy, et al., U.S. District Court of the Central District of Illinois Peoria Division, 1:10-cv-01253-JAG (Deposed) (Defense)

April 2012: Anthony D. Graham, Jr., v. City of Tallahassee, et al., U.S District Court for the Northern District of Florida Tallahassee Division, Case No.:4:11-cv-213-RS-WCS (Deposed) (Plaintiff)

April 2012: Terence Arthur R. Whiteman, M.D. v. Rosado, et. al., U.S. District Court For The Western District of Michigan Southern Division, Case No. 1:11-cv-00466-GJQ (Deposed) (Defense)

May 2012: Theresa Moriarty and Doug Garrabrant v. County of Sandoval, et al., U.S. District Court for the District of New Mexico, Case No. 1:11-cv-00722 JAP/KBM (Deposed) (Defense)

June 2012: Estate of Jess Lee Powell v. Pennington County, et al., State of South Dakota County of Pennington, Civil No. 11-2002 (Retained) (Defense)

July 2012: Tara O'Grady-Sullivan v. Nye County, et al., U.S. District Court for the District of Nevada, Case no: 2:11-cv-00839-RLH (CWH) (Retained) (Defense)

July 2012: Christopher Aparicio v. Luna County, et al., Federal District Court District of New Mexico, No. 11-CV-676 RB/GBW (Testimony) (Defense)

August 2012: Peter Labrada, et al., v. Essex County Prosecutors Office, et al. Superior Court of New Jersey Law Division Essex County, Docket No. ESX-L-7291-09 (Deposed) (Defense)

August 2012: Estate of Trevor Neil Hawkins-Varinecz, et al., v. Horry County Police Department, et al., U.S. District Court for South Carolina, Civil Action No. 4:11-CV02638-TLW-TER (Retained) (Defense)

August 2012: Eugene Carl DeBoise, Sr., et al., v. Taser International, Inc., et al., U.S. District Court Eastern District of Missouri Eastern Division, No. 4:10-CV-0818-TIA (Deposed) (Defense)

August 2012: Eduardo Lopez-Castro, et al., v. Nevada Highway Patrol, et al., U.S. District Court for the District of Nevada, Case No. 2-11-cv-01014 (Retained) (Defense)

August 2012: Brian Olsen v. City of Boulder City, et al., U.S. States District Court District of Nevada, Case No.: 2:12-cv-00543-JCM-PAL (Retained) (Defense)

August 2012: Lizette Vargas, et al., v. City of Philadelphia, et al., U.S. District Court for the Eastern District of Pennsylvania, No.: 11-2639 (Retained) (Defense)

August 2012: Henry Kaleta v. Samantha Johnson and Trevor Johnson, U.S. District Court District of Minnesota, Civil No. 12-CV-00170JNE/FLN (Retained) (Plaintiff)

August 2012: Randall Ray Bowman v. Boulder City Officer A. Johnson, et al., U.S. District Court District of Nevada, Case No. 2:11-cv-00609-RCJ (LRL) (Retained) (Defense)

September 2012: Wayne Burwell v. Hartford Police Officer Frederick Payton et al., U.S. District Court for the District of Vermont  Case No.: 5:2012cv00166 (Deposed) (Defense)

September 2012: Janice Wells v City of Lumpkin et al., U.S. District Court Middle District of Georgia Columbus Division, Civil Action No. 4:12-cv-00093-cdl (Retained) (Defense)

September 2012: Estate of Christopher Capps v. Pennington County, et al., U.S. District Court District of South Dakota Western Division (Deposed) (Defense)

September 2012: Adrian Michael Marr v. Christopher Steward, et al., U.S. District Court District of Minnesota, Case No.: 11-cv-02160 SRN/LIB (Testimony) (Plaintiff)

September 2012: Stanley Jackson v. Washtenaw County, et al., U.S. District Court, Eastern District of Michigan, Southern Division, Case No. 12-cv-10963 (Deposed) (Defense)

October 2012: Henry Jones, Jr. v. Officer Vincent Thornton, et al. U.S. District Court Eastern District of Arkansas Western Division, Case No. 4:12-cv-00094-BRW (Testified) (Defense)

October 2012: Terrance Jones v. City of Lake City, et al., U.S. District Court Middle District of Florida Jacksonville Division, Case No. 3:11-cv-1210-J-34 JBT (Deposed) (Plaintiff)

October 2012: Carnell Williams-Carney v. Philadelphia, et al., Eastern District of Pennsylvania, C.A. 12-4029 (Testified) (Defense)

November 2012: Darren Brown v. Edward Bailey III, et al., U.S. District Court for the District of Maryland Northern Division, No. 1:11 cv-1901 (Retained) (Defense)

13

November 2012: William Lloyd Jorgenson v. William Reinbold and Andrew Johnson, U.S. District Court District of Minnesota, Case No. 12-0387 (JRT/JJG) (Retained) (Plaintiff)

December 2012: Daniel Harrigan v. Marion County, Oregon, et al., U.S. District Court, Oregon, Civil No. 6:11-CV-06174-SI (Testified) (Plaintiff)

December 2012: James Goton v. Sierra County, et al., U.S. District Court for the District of New Mexico, No. 2:12-CV-00194-GBW-CEG (Retained) (Defense)

December 2012: Samanda Dorger, et al., v. City of Napa, et al., U.S. District Court Northern District of California, Case No. 4:12-cv-00440-YGR (Retained) (Defense)

December 2012: Andres Cortez v. Jorge Gonzalez et al., Cause No. EP-12-CV-0050-PRM (Retained) (Defense)

January 2013: Daniel Melo v. City of South Burlington, Superior Court Chittenden Unit, State of Vermont, Docket No.: S1027-11 CnC (Deposed) (Defense)

January 2013: Johnathan Jones, et al v. Las Vegas Metropolitan Police Department, et al, U.S. District Court of Nevada (Deposed) (Defense)

February 2013: Wigley v. Bernalillo County Sheriff's Office, et al., State of New Mexico County of Bernalillo Second Judicial District, D202-CV-2012-03974 (Retained) (Defense)

February 2013: Ray Shatney, et al., v. Hardwick Police Department, et al., U.S. District Court for the District of Vermont, Civil Case No. 1:12cv-00023 (Deposed) (Defense)

February 2013: Tracey Pope v. Las Vegas Metropolitan Police Department, et al., U.S. District Court District of Nevada, Case No: 2:12 cv (Retained) (Defense)

March 2013: Troy Ellison v. Donna Lesher, et al., U.S. District Court Eastern District of Arkansas Western Division, Civil Action No. 4:11-CV-00752 BSM (Retained) (Defense)

March 2013: Albert Purnell v. City of Philadelphia et al, U.S. District Court for the Eastern District of Pennsylvania, 2:11-cv-06900-CDJ (Retained) (Defense)

April 2013: Ajaleh Waiters, et al. v. City of Union City, Georgia and Luther Lewis State Court of Fulton County, Georgia Civil Action File No. 2012-EV-015990-A (Retained) (Defense)

April 2013: Allan P. Zitta and Tracy Zitta v. Town of Richmond, et al. U.S. District Court for the District of Vermont, Civil Case NO. 1:12-cv-00160 (Retained) (Defense)

May 2013: Whitney Duenez, et al. v. City of Manteca, et al., U.S. District Court for the Eastern District of California, Case No. 2:11-cv-01820-LKK-KJN (Deposed) (Plaintiff)

May 2013: Ruth Tuite v. New Jersey et al., U.S. District Court for the District of New Jersey, Civil Action No. 10-CV-06772 SRC/MAS (Retained) (Defense)

May 2013: Frank Marchionne v. Las Vegas Metropolitan Police Department, et al., U.S. District Court Clark County, Nevada, Case No. A-12-664253-C (Retained) (Defense)

May 2013: Cristina Paulos v. Las Vegas Metropolitan Police Department, et al., U.S. District Court Clark County, Nevada, Case No. A-12-666754-C (Retained) (Defense)

May 2013: Estate of Michael Godawa v. Officer David Byrd, U.S. District Court Eastern District of Kentucky Northern Division at Covington, Case No. 12-00170-WOB-JGW (Deposed) (Defense)

June 2013: Cheryl Brigan v. Richard Benko and the City of Cloquet, U.S. District Court District of Minnesota Case No. 12-CV-712 DWF/LIB (Retained) (Plaintiff)

June 2013: Stephanee Thompson v. The State of New Jersey, et al., Superior Court of New Jersey Law Division Camden County Docket No. CAM-L3879-10 (Retained) (Defense)

June 2013: Ronald Whitcomb v. City of Panama City, et al., U.S. District Court Northern District of Florida Panama City Division (Retained) (Plaintiff)

July 2013: Robin Thompson v. James "Clint" Murray, et al., U.S. District Court Eastern District of Arkansas Western Division, Case No: 4:11-cv-OO804 BRW (Retained) (Defense)

July 2013: Dennis Kucera v. Town of Hartford,et al., U.S. District Court for the District of Vermont, Civil Case No. 5:12cv00264 (Retained) (Defense)

July 2013: Ladarris Tunstall v. William W. Brislin, Robert H. Duhaime, U.S. District Court for the Vermont, Civil Case No. 2:12-cv-31 (Retained) (Defense)

14

July 2013: Anthony Boschele and Nancy Boschele v. Chesterfield Co Sheriff's Office, et al., U.S. District Court for the District of South Carolina Florence Division, Civil Action No.: 2013-CP-13-000185 (Deposed) (Defense)

July 2013: Wesley Bettis v. City of Montpelier, U.S. District Court for the District of Vermont, (Retained) (Defense)

August 2013: David Eaton v. City of Tallahassee Florida and Scott Cherry, U.S. District Court Northern District of Florida Tallahassee Division, Case No. 4:13-CV00002-WS-CAS, (Retained) (Plaintiff)

August 2013: Semaj Randolph, et al., v. City of Orangeburg, et al., U.S. District Court for the District of South Carolina Orangeburg Division, Civil Action No: 5:12-cv-3087-JMC (Retained) (Defense)

September 2013: Demian Boroff v. Nickolas Lynn, et al., U.S. District Court for the District of New Jersey Vicinage of New Ark, Civil Action No. 2:2011cv06849 (Retained) (Defense)

September 2013: Christina West v. City of Tallahassee, (Retained) (Defense)

September 2013: Tyson Powers v. Campbell et al., U.S. District Court for the District of Utah Central Division, Civil No. 2:12-cv-851 BCW (Retained) (Defense)

September 2013: Dontae Thomas v. Tyrone Barze, et al., U.S. District Court District of Minnesota, Case No. 12-2272Jrt/AJB (Defense) (Plaintiff)

October 2013: Samantha Compton v. City of Harrodsburg, KY, et al., U.S. District Court Eastern District of Kentucky Central Division at Lexington, Civil Action No. 5:12-cv-00302-JMH (Retained) (Defense)

October 2013: M.H., et al., v. County of Alameda, et al., U.S. District Court for the Northern District of California, Case No. C11-2868 JST (MEJ) (Deposed) (Plaintiff)

November 2013: Jesse Compodonico v. City of Miami, et al., U.S. District Court Southern District of Florida Miami Division, Case No. 12-24077 (Retained) (Defense)

November 2013: Veronica Vacaneri and Joel Smith, Jr. v. Arpaio, et al., U.S. District Court of Arizona District Court Phoenix Division, Case No. 2:2013cv02262 (Retained) (Defense)

November 2013: Celestine Gibson v. Las Vegas Metropolitan Police Department, et al., U.S. District Court for the District of Nevada, Case: 2:12-CV-00900-GMN-CWH (Retained) (Defense)

November 2013: Lori Colvey v. City of Norfolk, et al., U.S. District Court for the District of Nebraska, Case No. 8:13-cv01 (Retained) (Defense)

November 2013: Rickey Ward v. Las Vegas Metropolitan Police Department, et al., U.S. District Court District of Nevada, Case No. 2:13cv769-APG-GWF (Retained) (Defense)

December 2013: Melene James v. City of Boise, et al., District Court of the Fourth Judicial District of the State of Idaho, Case No. CV-PI-2012-16734 (Retained) (Defense)

December 2013: Daniel L. Fancher v. City of Minneapolis, et al., U.S. District Court for the District of Minnesota, Case No. 13-CV-00435 (DSD/JJK) (Testimony) (Plaintiff)

December 2013: Darrell Frederick v. City of Rogers, et al., Arkansas Western District Court, Case No. 5:2013cv5155 (Retained) (Defense)

December 2013: Maria Ortiz, et al., v. New Jersey State Police, et al., U.S. District Court for the District of New Jersey, Civil No. 11-2300 NLH AMD (Retained) (Defense)

December 2013: David Earl Sutherland v. The Laurens County Sheriff's Department, Civil Action No. 2011-CP-90-902 and Jennifer Marie Cobb v. The Laurens County Sheriff's Department, Civil Action No. 2011-CP 90-903, State of South Carolina County of Laurens, (Deposed) (Defense)

December 2013: Christopher Montgomery, et al., v. City of Philadelphia, et al, U.S. District Court for the Eastern District of Pennsylvania, Civil Action No. 13-256 (Retained) (Defense)

January 2014: Jerame C. Reid v. Cumberland County, et al., U.S. District Court for the District of New Jersey, Civil Action No. 1:11-cv-05841-NLH-AMD (Retained) (Defense)

January 2014: Jenny Rebecka Royal v. City of Blythe, Superior Court of Richmond County, Georgia, Civil Action File No: 2012RCCV735 (Retained) (Defense)

15

January 2014: Derek Guindon v. City of Sioux Falls (Retained) (Defense)
January 2014: Janneth Valero v. Trooper J. Smith, et al., U.S. District Court District of New Jersey, Civ. Act. No.: 11-5710 (JLL-MAH) (Retained) (Defense)
February 2014: Estate of Darrin E. Hanna v. City of North Chicago, et al., U.S. District Court Northern District of Illinois Eastern Division, Case No. 11 CV 8836 (Retained) (Defense)
February 2014: Lawrence Gordon v. Las Vegas Metropolitan Police Department, et al., U.S. District Court District of Nevada, Case No.: 2:12-cv-019095-GMN-GWF (Retained) (Defense)
February 2014: Jane Doe v. City of Harvey, et al., U.S. District Court for the Northern District of Illinois Eastern Division, Case No.:1:12-CV-2069 (Retained) (Defense)
February 2014: Michael V. Roberts v. City of Reading, et al., U.S. District Court for the Eastern District of Pennsylvania, Case No.: 5:13-cv-01990-LS (Retained) (Defense)
February 2014: Cheri Lane, et al., v. City of Camden, et al., U.S. District Court for the District of New Jersey, Civil Action No. 1:11-cv-5584 (RBK/JS) (Retained) (Defense)
February 2014: Irving J. Marquez v. Eddy County, et al., U.S. District Court for the District of New Mexico, Case 1:11-cv-00838-DJS-WDS (Retained) (Defense)
March 2014: Leo Hardy v. City of Milwaukee, et al., U.S. District Court Eastern District of Wisconsin, No. 2:13-cv-00769 (Deposed) (Plaintiff)
March 2014: Warren Robinson v. Town of Denmark, State of South Carolina County of Orangeburg, Civil Action No. 13-CP-38-00270 (Retained) (Defense)
March 2014: Michael Alan Ewing v. Cumberland County, et al., U.S. District Court for the District of New Jersey, Civil Acton No. 1:09-cv-05432 (Retained) (Defense)
March 2014: Bernalillo County Sheriff's Department, et al., U.S. District Court for the District of New Mexico, No. 13-CV-00733 PJK/KBM (Retained) (Defense)
March 2014: Ezell, et al., v. City of Milwaukee, et al., U.S. District Court Eastern District of Wisconsin, Case No. 2:2013cv00771 (Retained) (Plaintiff)
April 2014: Irving J. Marquez v. Eddy County, et al., U.S. District Court of New Mexico, 11-CV-838 JAP/WDS (Retained) (Defense)
April 2014: Carolyn Hall, et al., v. Officer Eric Fries, et al., U.S. District Court for the Middle District of Georgia Valdosta Division, Civil Action No. 7:13-cv-105(HL) (Retained) ( Defense)
April 2014: Fabian Prive v. Richard Wells, U.S. District Court for the District of Vermont, Civil Action No. 5:13-cv-320-cr (Retained) (Defense)
May 2014: Barbara Diane Latham, et al., v. Lincoln County Sheriff's Department, et al., U.S. District Court for the District of New Mexico, Case No. 2:13-cv-00822 (Retained) (Defense)
May 2014: Christopher M. Harvey v. Darryl Carr, U.S. District Court, Western District of Kentucky, Paducah Division, Case No. 5:13CV-116-R (Retained) (Defense)
May 2014: Randall Ehlers v. City of Rapid City, et al., U.S. District Court District of South Dakota Western Division, Case No. 5:12-cv-05093-JLV (Retained) (Defense)
May 2014: Tyler Galipeau v. Joshua Stemp, et al., U.S. District Court for the District of Vermont, Case No. 2:14-cv-55 (Retained) (Defense)
May 2014: Ella Baker v. City of Camden, et al., U.S. District Court for the District of New Jersey, Civil Action No. 1:12-cv-494 (Retained) (Defense)
May 2014: James H. Coitrone v. Bobby D. Murray, et al., U.S. District Court Western District of Kentucky Paducah Division, Civil Action No. 5:12-CV-00195-R (Retained) (Defense)
June 2014: Estate of Jeremy Shawn Rucinski v. Oakland County, et al., U.S. District Court Eastern District of Michigan, 2:13-cv-14667-MFL-PJK
June 2014: Marlon Whitmore v. Timothy Wilhelm, et al., U.S. District of Northern District of California, No. C 13-1408 PJH (Retained) (Plaintiff)
June 2014: Michael Kent v. Oakland County, et al., U.S. District Court Eastern District of Michigan Southern Division, Case No. 2:13-cv-15003-BAF-RSW (Retained) (Defense)
June 2014: James A. Lewis, et al., v. City of Philadelphia, et al., U.S. District Court for the Eastern District of Pennsylvania, Civil Action No. 13-2547 (Testimony) (Defense)

June 2014: Ernestine Wingate v. City of Darlington, et al., U.S. District Court for the District of South Carolina, Case No. 4:13-CV03343-RBH-KDW (Retained) (Defense)
June 2014: Edwards v. Town of West Seneca, et al., New York Supreme Court (Retained) (Defense)
July 2014: Yolanda L. Ruiz, et al, v. City of Hidalgo, et al., 370th District Court of Hidalgo County, Texas, Cause No. C-1629-13-G (Retained) (Defense)
July 2014: Fraternal Order of Police v. City of Camden, et al., U.S. District Court for the District of New Jersey, Civil Action No.:1:10-cv-01502 (Retained) (Defense)
August 2014: Diane Williams, et al., v. City o Philadelphia, et al, U.S. District Court for the Eastern District of Pennsylvania, Docket No. CV-12-2387 (Retained) (Defense)
August 2014: Joseph Oechipinti, et al, v. Detective Lisa Bauer, et al, U.S. District Court for the Middle District of Pennsylvania, Civil Action No. 3:13-CV-01875 (Retained) (Defense)
August 2014: Estate of Gregory Harrison v. City of Bowling Green, et al, U.S. District Court Western District of Kentucky at Bowling Green, Case No. 1:13CV-124M (Retained) (Defense)
August 2014: Johnathan Rose et al, v. County of Sacramento, et al, U.S. District Court Eastern District of California, Case No. 2:13-cv-01339-TLN-EFB (Retained) (Plaintiff)
August 2014: Paul L. Daniel, v. Brian Begnoche (City of St. Albans) et al, U.S. District Court for the District of Vermont, Civil Action No. 2:13-cv (Retained) (Defense)
August 2014: Robert Noble v. City of Camden, et al., U.S. District Court for the District of New Jersey Camden Vicinage, Case No. 1:13-cv-04391-JBS-AMD (Retained) (Defense)
September 2014: Kevin Hawkins, et al., v. City of Tallahassee, et al., U.S. District Court for the Northern District of Florida Tallahassee Division, Case No. 4:13-cv-539-/CAS (Retained) (Defense)
September 2014: Dennis Stallins v. City of Princeton, et al., U.S. District Court Western District of Kentucky Paducah Division, Case No. 5:13-CV-157-R (Retained) (Defense)
September 2014: Marilyn Monroe Howard v. City of Pine Bluff, et al., Case No.: 5:14-CV-0330 (Retained) (Defense)
September 2014: Arlean Brown, As PR of Estate of Melvin Lawhorn v. Elliott, et al., U.S. District Court for District of South Carolina, Columbia Division, Case No.:3:14-cv-01188-JMC-PJG (Retained) (Defense)
September 2014: James Simmons v Sheriff Mark Gober, et al., U.S. District Court Eastern District of Arkansas Pine Bluff Division, Case No.:5:13-cv-100 DPM
October 2014: Annie Harmon, et al., v. County of Sacramento, et al, U.S. District Court in and for the Eastern District of California, Case No.:2:12-cv-02758 TLN AC (Retained) (Plaintiff)